**FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE

Robert Stepeney #01163-054
Petitioner
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432

(Full name under which you were convicted;
Prison Number; Full Mailing Address).

04 - 12399 PBY

CIVIL ACTION NO. _____

VS.

David L. Winn
Respondent(s)
F.M.C. Devens
P.O. Box 880
Ayer, Massachusetts   01432

(Name of Warden or other authorized person
having custody of Petitioner).

**PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT.  ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.**

1. This petition concerns:  (check appropriate blank)

_____ A conviction

__XXXX__ A sentence  (**CAUTION:** If you are attacking a sentence imposed under a Federal Judgment, you must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the Judgment).

_____ Jail or prison conditions

_____ Prison discipline issue

_____ A parole problem

_____ Other.  State briefly:  _See brief in support of Petitioner's Blakely v. Washington, 124 S.Ct. 2531, 2542 (2004) claim_ _____

_____

_____

2. Place of detention: _____ Federal Medical Center, Devens
P.O. Box 879
Ayer, Massachusetts    01432

_____

1

HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?

_____XXXX_____ **Yes**       _____ **No**

3. If your answer is "yes," give the following information:

a. Name of the Court: United States District Court/District of New York, Southern District

b. Nature of proceeding: Motion to vacate, set aside, or correct sentence.

c. Grounds raised: Ineffective assistant counsel/Apprendi claim

d. Result: Denied

e. Date of result: On or around 1992/93

f. Citation or number of any written opinion or order entered pursuant to each such disposition: _____

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: N/A

5. Does counsel presently represent you? _____ Yes XXXXX _____ No

If so, Name address and phone number of counsel: _____N/A

6. Name and location of court, which imposed sentence: United Sates District Court for the District of New York.

7. Indictment or case number, if known: CR-90-00574-01

8. Offense or Offenses for which sentence was imposed: Conspiracy to distribute Bosses with intent to distribute heroin 21:842(1) count 2, count (1) dropped

9. Date upon which sentence was imposed and the term of the sentence: December 2, 1991, 240 months imprisonment. 10 years supervised release.

10. When was a finding of guilt made? (Check one)

_____ After a plea of guilty

__XXXX____ After a plea of not guilty

_____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:

_____ A jury

_____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? __XXXX__ Yes _____ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: United States Court of Appeals for the 2nd Circuit.

b. Result: Denied

c. Date of result: March 1994

d. Citation or number of opinion: N/A

e. Grounds raised: (List each one)
Ineffective assistant counsel

NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.

3

14. Summarize briefly the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: `See brief in support` _____

_____

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not conclusions, in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

_____
_____
_____
_____
_____
_____
_____

b. Ground Two:
_____
_____

Supporting Facts: _____
_____
_____
_____
_____
_____

Ground Three:
_____
_____

Supporting Facts: _____
_____
_____
_____
_____
_____
_____

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

_____ Yes ___XXXX___ No

(1) If your answer to "a" above is yes, what was the result? _____
_____
_____

(2) If your answer to "a" above is no, explain: ___See brief in support_____
_____
_____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

_____ Yes ___XXXX___ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken:
_____
_____

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

See Brief in support

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See brief in support

Signed on this the ___4ᵗʰ___ day of ___November___, 200_4_.

*Robert Stepancy*
Signature of petitioner

**I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.**

**Executed on:** November 4 ___, 200_4_.

*Robert Stepancy*
Signature of petitioner

6

DEV 1330.13
October 29, 1998
Attachment A

<u>INFORMAL RESOLUTION INSTRUCTIONS</u>: <u>STAFF MUST COMPLETE AND ATTACH</u>
<u>THE ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT</u>
BE INFORMALLY RESOLVED.  THE BP-9 WILL NOT BE ACCEPTED WITHOUT
THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC/IDC ACTIONS.
INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO
COMPLETE.

NAME: Robert Stepancy    REG. NO.: 01163-054    UNIT: P-B

DATE BP-9 REQUESTED: _____

DATE BP-9 ISSUED : _____

DATE BP-9 RETURNED : _____

<u>INMATE'S COMPLAINT</u>:

Regarding my Sentence, I was sentenced in violation
of my 6th amendment rights.

<u>RELIEF REQUESTED</u>:

Requested reduction of Sentence and/or a
immediate release.

<u>ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT</u>:

Unable to resolve a this level.

CORRECTIONAL COUNSELOR: _____    DATE: 10/26/04

UNIT MANAGER'S COMMENTS/ASSISTANCE: The inmate's Complaint centers around
the Blakely Case. The BOP has no authority to intervene in the Sentencing
matters of the Court. Unable to informally resolve this issue.

UNIT MANAGER: _____, Unit Mgr    DATE: 10/26/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


Robert Stepeney          )
        Petitioner,      )
                         )
                         )
    v.                   )    Civil Action NO:
                         )
                         )    Honorable Judge:
David L. Winn, Warden    )
F.M.C. Devens, Prison    )
        Respondent,      )
                         )
                         )


PETITIONER'S MEMORANDUM AND MOTION
IN SUPPORT OF PETITIONER'S PETITION
PURSUANT TO TITLE 28: U.S.C.A. 2241


Now comes the Petitioner, **Robert Stepeney**, #01163-054, acting

Pro-se in the above entitled action humbly submits this memorandum

and motion in support of Petitioner's petition pursuant to Title

28 U.S.C.A. 2241. The Petitioner states the following facts in

support of:

## JURISDICTION

The Petitioner, **Robert Stepeney,** hereby alleges that first and foremost: he is in custody under or by the color or authority of the United States, and secondly, he is in custody for an act done or ommitted in pursuance of an Act of Congress, or an order, process, judgement or decree of a Court or Judge of the United States. **SEE:** Title 28 U.S.C.A. 2241 (a)(c)(1)(3)(Emphasis added).

Further, Petitioner asserts that the remedy by motion under Title 28 U.S.C.A. 2255 is inadequate or ineffective to test the legality of his actual detention. **SEE:** Title 28 U.S.C. 2255 "safety value clause," as cited in the case of **IN RE HANSARD,** 123 F.3d 922, 930 (6th Cir. 1997).

In extending further reference regarding the Petitioner's position in his above entitled action humbly submitted in this memorandum in support of his petition pursuant to Title 28 U.S.C.A. 2241. Petitioner is seeking the answer to a Constitutional Federal question whereby the Petitioner was sentenced, to a sentence, 52 months above his or the statutory guidelines pursuant 3553 (b) of Title 18.

The Petitioner being a layman and not astute with the erudition of the law, nor having the empirical knowledge. The Petitioner could only deduce that something was wrong with his dracronian sentence.

Furthermore, Petitioner is seeking the answer to yet another Constitutional Federal question regarding his Fifth and Sixth amendments pertaining to his inordinate draconian sentence.

Because the Petitioner is barred by the gatekeeping provision now codified in 2255 by the enactment of the Anti-Terrorism

(1)

and Effective Death Penalty Act of 1996, (AEDPA"), he is duly entit-
led to bring the instant claim under the habeas provision of Title
28 U.S.C. 2241. **SEE: HANSERD,** supra, citing **UNITED STATES v. HAYMAN,**
342 U.S. 205, 213-14 (1952).


## ARGUMENT IN SUPPORT

### THIS HONORABLE COURT HAS THE ESSENTIAL JURISDICTION TO ENTERTAIN A CONSTITUTIONAL FEDERAL QUESTION PERTAINING TO THE FIFTH AND SIXTH AMENDMENTS REGARDING THE MISAPPLICATION OR DIRECT VIOLATION OF THE SENTENCING GUIDELINES CAUSING AN EGREGIOUS MISCARRIAGE OF JUSTICE

Habeas Corpus jurisdiction and/or subject matter jurisdiction
**"Custody,"** to invoke Habeas Corpus review by a Federal Court, the
Petitioner must satisfy two jurisdictional requirements.

1.) **The status requirement** that the Petition be on behalf of a per-
son in custody pursuant to the judgment of a State or Federal Court.

2.) **The substance requirement** that the Petition challenges the lega-
lity of that custody on the ground or grounds that it is in violation
of the Constitution or laws or treaties of the United States of
America. **SEE:** Title 28 U.S.C.A. 2241 (a)(c)(1)(3).

In the instant case, there is no doubt Petitioner falls with-
in the criterion satisfying both jurisdictional requirements regard-
ing the Petitioner and the issue of subject-matter jurisdiction.
Petitioner is in fact, within subject-matter jurisdiction. **"Custody"**
regarding Petitioner's petition. **SEE:** Title 28 U.S.C.A. 2241 (c)(3).

Petitioner is also **"alleging" a Constitutional Federal Question,"**

(2)

on the grounds in violation of the Constitution and laws of the
United States of America regarding the "Fifth and Sixth" Amendments,
laws and statutes, not forgetting the Fourteenth, "the equal protec-
ion of the laws. **SEE**: Title 28 U.S.C 2241 (c)(3); Art. 1,9, cl.1.

Historically, the Federal Courts limited Habeas Corpus review
to prisoners who, at the moment the Federal petition was actually
adjudicated, and were seeking release from actual physical confine-
ment, by challenging the particular judgment of conviction or sen-
tence that was responsible for that confinement.

However, more recently, **"stifling formalism"** and **"arcane and
scholastic procedural requirements"** have given way, permitting the
transformation of Habeas Corpus into a modern, generally available,
any essentially Appellate post-conviction procedure. **SEE: JONES v.
CUNNINGHAM,** 371 U.S. 236 (1963), the watershed Supreme Court decision
in this respect. This trend has continued recently. **SEE: GARLOTTE v.
FORDICE,** 515 U.S. 39 (1995); **SEE ALSO: SPENCER v. KEMNA,** 523 U.S. 1,

7-12 (1998)(similar to **Maleng,** infra); **MALENG v. COOK,** 490 U.S. 488,
492 (1989)(per curiam)(Court has "very liberally construed the
'in custody' requirement for purposes of Federal Habeas" and found
**"Custody"** whenever "Petitioner suffers [some] present restraint from
a conviction").

There comes a time when legal proceeding come into direct con-
flict with a person's basic human and Constitutional rights. In the
instant case, to the extent that the Petitioner can discern that:
"The government argues principally that Congress (and in turn the

(3)

Sentencing Commission) anticipated that the Guidelines generally **'would be applied based on fact-finding by the Sentencing Court, not a jury.'** **SEE**: U.S. Br. 46-49. That is not, however, an argument against severability; **it is instead a recitation of characteristic of the Guidelines that violates the Sixth Amendment**.

The SRA and the Guidelines were both developed with the explicit and overriding purpose of limiting judicial sentencing discretion. Congress's concern with the role of Judges in sentencing was **clear** both to the SRA's supporters and opponents.

Conpare **130 Cong. Rec. 976** (1984)(statement of Sen. Laxalt) ("The present problem with disparity in sentencing *** stems precisely from the failure of [F]ederal Judges - individually and collectively - to sentence similarly situated defendants in a consistent, reasonable manner. There is little reason to believe that Judges will now begin to do what they have failed to do in the past.") with id. at 973 (statement of Sen. Mathias)("The proponents of the bill *** argue in essence that Judges cannot be trusted. You cannot trust a judge *** you must not trust a Judge.").

By transforming Judicial fact-finding from a vice that Congress sought to limit into a value that it sought to preserve, the government thus turns both logic and history on their heads, instead of pursuing a fair and just sentence according to the laws and Constitution of the United States of America. Thus, having total disregard,.....and seeking inordinate draconian sentences, knowing it is unconstitutional as well as against the laws and treaties of the United States.

(4)

The Federal Courts have long interpreted the Habeas Corpus statute's **Federal question requirement**,....that the prisoner's **"Custody"** be in violation of the Constitution or laws or treaties of the United States.....to reach all important Federal law questions....including all Federal Constitutional claims, and all fundamental Federal statutory claims arising in the process by which a prisoner comes to be,....or is kept, in custody. **SEE:** Title 28 U.S.C. 2241 (c)(3)(1994). **Accord DICKERSON v. UNITED STATES,** 530 U.S. 428  N.3 (2000)("Habeas Corpus proceeding is available only for claims that a person is in custody in violation of the Constitution or laws or treaties of the United States.")(citing Title 28 U.S.C. 2254(a): **WITHROW v. WILLIAMS,** 507 U.S. 680, 715 (1993)(Scalia, J., concurring in part and dissenting in part), by statute....a Federal Habeas Court has jurisdiction over **"ANY"** claim that a prisoner is in custody in violation of the Constitution or laws of the United States. **SEE:** Title 28 U.S.C. 2241(c)(3): and **DUNNE v. HENMAN,** 875 F.2d 244, 248 (9th Cir. 1989), District Court had subject-matter jurisdiction because Petitioner filed under Title 28 U.S.C. 2241 alleged Federal question.

## FACTS OF THE CASE

1.) On or about August 23, 1990, Petitioner was arrested and later indicted by a Grand Jury sitting in the Southern District of New York on charges of, **inter alia,** attempted possession of heroin with the intent to distribute same, in violation of 21 U.S.C. 841 (a)(b)(1)(A) and 846.

2.) On June 4th, 1991, after a jury trial, Petitioner was convicted

(5)

Thereafter on November 21st, 1991, the Court *** after the government filed a prior felony information (21 U.S.C. 851) seeking an enhanced (recidivism) penalty *** sentenced Petitioner to 240 months imprisonment, pursuant to the habitual offender provisions of 21 U.S.C. 841 (b)(1)(A).

3.) Petitioner timely appealed from the judgment, and on November 11th, 1992, the judgment was affirmed.

4.) On December 2nd, 1993, Petitioner moved to vacate his sentence under 28 U.S.C. 2255. By order dated December 10th, 1994, that motion was denied. **SEE: UNITED STATES v. ROBERT STEPENEY,** 90-Cr-574 (MJL)(SDNY).

5.) The Petitioner is presently serving out his sentence at the Federal Medical Center, in Ayer, Massachusetts. He now moves this Court for issuance of a Writ of Habeas Corpus, on the grounds that Petitioner's Fifth, Sixth, and Fourteenth Amendments were violated

Petitioner states, **inter alia,** he is **actually innocent** of the repeated offender sentencing provision applied to him at the time of sentencing in the U.S. District Court for the Southern District of New York.

For the reasons that follow, the Writ should issue in the interest of Justice, and fundamental fairness, since Petitioner current incarceration is unconstitutional.

### ARGUMENTS

### POINT ONE

### PETITIONER IS "ACTUALLY INNOCENT" OF THE RECIDIVISM ENHANCEMENT APPLIED TO

(6)

## HIM AT THE TIME OF SENTENCING, AND A WRIT OF HABEAS CORPUS SHOULD ISSUE TO AVOID A COMPLETE MISCARRIAGE OF JUSTICE

In a 1978 a Grand Jury sitting in the Southern District of New York returned a indictment which charged Petitoner, **inter alia,** in Count two with engaging in a continuing criminal enterprise, in violation of 21 U.S.C. 848.

Petitioner subsequently entered a guilty plea to this charge, upon the advice of Counsel. Petitioner was afterwards sentenced to 15 years imprisonment. A term which Petitioner has since fully served. **SEE: UNITED STATES v. ROBERT STEPENCY,** Docket No. 78-CR-786(PNL) (S.D.N.Y. 1980).

Prior to entering a guilty plea in that case Petitioner, among other things, discussed the possibility of a Jury trial with Counsel. However, Counsel advised, notwithstanding, to take a plea \*\*\* <u>ignoring the fact that the government would have to \*\*\* prove the existence of three specific underlying narcotics violations, which Petitioner **did not have,** \*\*\* underlying 848 offense charged in Count two</u>.

Had Petitioner been astute with the erudition of the law or some empirical knowledge of same \*\*\* that was prerequisite essential to an 848 prosecution, Petitioner would never have entered a guilty plea. Rather, he would have insisted on proceeding to trial. **SEE: RICHARDSON v. UNITED STATES,** 143 Led. 2nd 985 (1999).

Notably, at the time of the plea, Petitioner did not allocute to the existence of **"three specific narcotics offenses"** underlying the 848 count. The Petitioner **could not have allocuted,** inasmuch as **there were no such offenses underlying the 848 offense to which**

(7)

petitioner plea.

Consequently, Petitioner **"is"** **Actually innocent of the 848
offense,** despite the entry of a guilty plea. Additionally, \*\*\* the
Supreme Court's decision in **RICHARDSON,** supra., effectively in-
validated Petitioner's judgment of conviction in the prior case.

As previously noted, Petitioner is presently serving a sen-
tence of 240 months imprisonment which is based, in part, upon the
fact that Petitioner was previously convicted upon a plea of guil-
ty to engaging in a continuing criminal enterprise, as set out
above. The 240 month sentence Petitioner is presently serving was
imposed pursuant to a habitual offender provision under 21 U.S.C.
841 (b)(1)(A).

Petitioner appealed from the Judgment in this matter, but the
Judgment was affirmed on direct appeal. A Collateral Attack was
equally unavailing. However, \*\*\* **RICHARDSON,** supra, was decided in
1999, and applies retroactively on review under 2241, **YU,** 183 F.
Supp. 2d at 660 and n.2 inasmuch as Petitioner is not entitled to
relief under 2255, reief should be granted.

As a preliminary matter, in **MURRAY v. CARRIER,** 477 U.S. 478,
496 (1985), the Supreme Court instructed that **"where a Constitutional
violation has probably resulted in the convicton of one who is act-
ually innocent, a Federal Habeas Court may grant the Writ even in
the absence of a showing of cause for a procedural default."**

In the present case, Petitioner could not have presented the
claim he presently presents to any other Court at any other time
for Petitioner's direct appeal and collateral attack under section
2255. Thus, there can be no colorable claim of a procedural default
to the Court's consideration of this application on the merits. **SEE:**

**(8)**

the enhancement provision, the sentence that Petitioner is current-
ly serving would have long since expired. Consequently, a Writ of
Habeas Corpus should issue to correct the manifest Constitutional
violation which resulted in the imposition of a sentence nearly
twice that legally authorized. SEE: E.G., APPRENDI v. NEW JERSEY,
120 S.Ct. 2348 (2000) and its progeny. SEE: BLAKELY v. WASHINGTON,
542 U.S. ___ (2004)

## ARGUMENTS

## POINT TWO

### FEDERAL QUESTION PERTAINING TO THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS REGARDING THE MISAPPLICATION OR DIRECT VIOLATION OF THE SENTENCING GUIDELINES CAUSING AN EGREGIOUS MISCARRIAGE OF JUSTICE

In appendix A to the Sentencing Guidelines, there is an Federal
criminal statutes which indicates, which base offense level applies
to each of the enumerated offense. A District Court is permitted to
consider the defendant's conduct and apply a different guideline
than that prescribed in the index in certain circumstances. SEE:
UNITED STATES v. SHRIVER, 967 F.2d 572 (11th Cir. 1992)

However, the Court held that in order to rely on a different
Guideline than the Guideline assigned to the statute that was the
subject of conviction, the other statute must be referenced in some
manner in the indictment. SEE: U.S. v. JACKSON,117 F.3d 533 (11Cir. 1997)

That is, "If, in an atypical case, the Guideline section indi-
cated for the statute of conviction is inappropriate because of the

(10)

particular conduct involved. [the Court should] use the Guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted." **APPENDIX A,** U.S.S.G. Thus, the **"atypical"** facts must be part of the charge, not just revealed in the evidence at trial. **SEE: UNITED STATES v. JACKSON** supra, **ALSO: U.S. v. KUKU,**129 F.3d 1435; **U.S. v. SAAVEDRA,** 148 F.ed 1315.

In quintessence, absent a directly applicable Guideline, Courts are required to determine if there is a sufficiently analogous offense Guideline, and if so, to apply the Guideline that is most analogous. **U.S.S.G. 2 X 5.1,** comment. (background).

That section also provides that if there is not a sufficicently analogous Guideline, the provision of 18 U.S.C. 3553(b) **shall** control. 18 U.S.C. 3553(b), in turn, instructs that the sentence that is ultimately imposed should relate to sentences prescribed by Guidelines applicable to similar offenses and offenders. **SEE:**

In the instant case, Petitioner was denied his Fifth, Sixth and Fourteenth Amendments, violating his due process when the sentencing Court failed to follow the index of the Federal Criminal statutes which indicates the appropriate base level according to the Guidelines in which a defendant should have been sentenced.

The Petitioner's Sixth Amendment was violated when the Sentencing Court went above Petitioner's Guideline range, with an unconstitutional sentencing. **SEE: BLAKELY v. WASHINGTON,** 542 U.S.____(2004).

The Petitioner Fourteenth Amendment was violated when the Sentencing Court denied Petitioner the equal protection of the law, in sentencing Petitioner to an unconstitutional sentence. The pro-

(11)

visions of 18 U.S.C. 3553(b) **shall** control, which also in turn, instructs that the sentence that is ultimately imposed should relate to sentences prescribed by Guidelines applicable to similar offenses and offenders. **SEE**: **UNITED STATES v. HYDE,** 977 F.2d 1436 (11th Cir. 1992).

"It is the United States Supreme Court's responsibility to say what a statute means, and once the court has spoken, it is the duty of other Courts to respect that understanding of the governing rule of law.

A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." **SEE**: **RIVERS v. ROAD-WAY EXPRESS, INC.,** 128 Led. 2d 274

Thus, in 1990 case of **UNITED STATES v. ROBERT STEPENEY,** 90-CR-574 (MJL)(S.D.N.Y.) when Petitioner was advised by the trial Judge, by his own counsel, and by the prosecutor that Petitioner's orginal presentence report does not contain information about the filing of a prior felony information in Petitioner's instant case. The presentence report has been revised to reflect this case as well as all enhanced penalties which the Petitioner is subject to as a result.

Which was in fact invalidated by the principle annunciated in **RICHARDSON v. UNITED STATES,** 143 Led 2d 985 (1999). As stated above, it is the United States Supreme Court's responsibility to say what a statute means. Once spoken, it's the governing rule of law. The Judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of case giving rise to the construction. SEE: RIVERS v. ROADWAY EXPRESS, INC, 128 L.Ed 2d 274, Supra.

(12)

In this instant case, **Petitioner received critically incorrect legal advice**. The fact that all of his **advisers acted in food-faith** reliance on existing precedent **does not mitigate the impact of that erroneous advice**.

Its **consequences** for Petitioner were **just as severe, and just as unfair, "as if" the Court and Counsel had knowingly conspired to deceive him in order to induce him to a crime that he did not commit** "actually innocence" **and then actually sentence Petitioner to it**. **SEE: RICHARDSON v. UNITED STATES**, 143 L.Ed. 2d 985, supra:

The United States Supreme Court make it perfectly clear that a sentence based on such misinformation is Constitutionally invalid. **SEE: SMITH V. O'GRADY**, 85 L.Ed. 859 (1941); **HENDERSON v. MORGAN**, 49 L.Ed. 2d 108 (1976) **BLAKELY v. WASHINGTON**, 542 U.S. ____ (2004).

Petitioner's conviction and punishment on 848 charge "were for an act that the law does not make criminal. There can be no room for doubt that such a circumstance 'inherently result in a complete mis-carriage of justice' and 'present[s] exceptional circumstances' to justify collateral relief under his 28 U.S.C. 2255." **SEE: DAVIS v. UNITED STATES**, 41 L.Ed 2d 109. **SEE: EXHIBIT (1)** addendum to pre-sentence report regarding this instant case.

The Sentencing Guidelines Commission is a creation of the SRA, which authorizes the Guidelines. According, the Guidelines carry the force of law and are **"binding on Federal Courts" SEE: STINSON v. UNITED STATES**, 508 U.S. 36, 42 (1993).

As uniformly interpreted by the Courts of Appeals, section 3553(b) of Title 18 of the U.S. Code prohibits sentences exceeding the top of the appplicable Guidelines range unless the Court makes

(13)

finding of fact that justify an upward departure. SEE: e.g. UNITED STATES v. DAVERN, 937 F.2d 1041 (CA 6 1991)(en banc): Compare id. at 1042 (Merritt, J., dissenting).

Even though the Commission is located in the Judicial branch, the *** Supreme Court has treated the Guidelines as "the equivalent of Legislative rules adopted by Federal Agencies". SEE: STINON, supra, 508 U.S. at 45 Guidelines promulgated pursuant to Congressional delgation under the SRA, are subject to the Sixth Amendment in the same fashion as any statute or other legislative rule.

In furtherance, the Supreme Court hold, therefore, that application of the language in 3553(b) permitting detention for a period not to exceed "the maximum term of imprisonment that would be authorized if the defendant had been tried and convicted requiring application of the Guidelines, 3553(b)".

Where that statutory provision applies, a sentencing Court's concern with the Guidelines goes soley to the upper limits of the proper Guideline range as setting the maximum term for which a defendant may be committed to official detention, absent circumstances that would warrant departure under 3553(b). SEE: UNITED STATES v. R.L.C., 117 L.Ed. 2d 559.

In addition, the Supreme Court applied the clause to a similar States sentencing scheme in MILLER v. FLORIDA, relying on the fact that the Guidelines, far from being "flexible 'guidepost' for use in the exercise of decretion", significantly constrained Judicial decretion by requiring Judges to make particular finding to justify departures from the guidelines sentencing range. 482 U.S. 423, 435

(14)

(1987).

Petitioner, humbly submits that the **Supreme Court** settled this very issue around or about (12) years ago. It was argued December 10th, 1991. Decided March 24th, 1992. **SEE**: **UNITED STATES v. R.L.C.**, 117 L.Ed. 2d 559.

In the case of **R.L.C.**, the Supreme Court rejected the government's attempt to argue what is **"Authorized"** pertaining to the sentencing factors. That the only authorized sentence is referring to the penalty provisions in the **"charging statute"**, rather than the limitations imposed through the Sentencing Guidelines. The same defense is anticipated to be raised in this case at bar by the government, and is therefore being addressed herein.

The Supreme Court in **R.L.C.**, held that the penalty provisions in the charging statute setting forth the maximum possible penalty **are not** to be **given primacy over** the **maximum** possible penalty permissible under the **Sentencing Guidelines.** Id. **R.L.C.**, 117 L.Ed. 2d 559 (1992). **SEE ALSO**: **APPRENDI v. NEW JERSEY**, 120 S.Ct. 2391 (O'Conner J. with Rehnquisht, C.J., Kenndy  and Bryer, J.J. join, dissenting). **SEE AS WELL**: **BLAKELY v. WASHINGTON**, 542 U.S.____ (2004).

Under the stare decisis **("to stand by things decided")** established in  **R.L.C.**, supra, this Court lacked jurisdiction to **impose a (20) year sentence "in" which the U.S.S.G. under 18: 3553 (b) gave a presumptive Guideline range of 151-188 months.** As it exceeds the statutory maximum as established by the jury's finding in Petitioner's trial, for an offense of conviction set by the Sentencing Guidelines. **SEE**: **R.L.C.**, 117 L.Ed. 2d 559 (1992).: **APPRENDI**, 120 S.Ct. 2391 (2000) **ALSO**: **BLAKELY**, 542 U.S. ___ (2004).

(15)

The District Court in **R.L.C.**, found the **R.L.C.**, a Juvenile, committed an act of juvenile delinquency within the meaning of 18: U.S.C. 5031, because his acts would have been the crime of involuntary manslaughter in violation of 18: U.S.C. 1112(a) and 1153 if committed by an adult.

The maximum sentence for manslaughter under 1112(b) was three years. At **R.L.C.**'s dispositional hearing the District Court granted the government's request to impose the maximum penalty for respondents's delinquency and accordingly committed him to official detention for three years.

Despite the manslaughter statute's provision for an adult sentence of that length, **the Eight Circuit vacated R.L.C.'s sentence and remanded for resentencing,** after concluding that (36) months exceeded the **CAP** imposed by 18 U.S.C. 5013(c)(1)(b) upon the period of detention to which a juvenile may be sentenced. Id. **UNITED STATES v. R.L.C.,** 915 F.2d 320 (1990); **SEE: UNITED STATES v. R.L.C.,** 117 L.Ed. 2d 559 (1992); **SEE ALSO: APPRENDI v. NEW JERSEY,** 120 S.Ct. 2391 (2000) **and: BLAKELY v. WASHINGTON,** 542 U.S.____ (2004). All of these ruling are under the **stare decisis,** because it is the United States Supreme Court's **responsibility and duty to say,** what a statute means, **and once the Court has spoken,** it **is** the **duty of** the **other Courts to respect** that understanding of **the governing rule of law.**

Petitioner ingeminate, "**A Judicial construction** of a **statute is** an **authoritative statement** of **what** the **statute meant before as well as after** the **decision** of the case **giving rise to that construction.**" **SEE: RIVERS v. ROADWAY EXPRESS INC,** 128 L.Ed. 2d 274.

The government filed a petition for Certiorari to the Supreme Court.

arguing that the maximum penalty authorized under statute refers to the charging statute; not the maximum statute under the Guidelines.

**Sustaining under the stare decisis,** the United States Supreme Court **rejected** the government's argument as following:

"The Government suggests a straight forward inquiry into the plain meaning to explain what is **"authorized"** must mean the maximum term of imprisonment provided for by the  statue defining the defense, since only Congress can **"authorize"** a term  of imprisonment in punishment for a crime.

As against the position that the Sentencing Guidelines now circum-scribe a trial Court's authority, the government insists that our con-cern must be with the affirmative authority for imposing a sentence, which necessarily stem from statutory law. It maintains that in any event the Sentencing Commission's Congressional authorization to establish sentencing Guidelines does not create affirmative authority to set pun-ishments for crime, and that the Guidelines do not purport to authorize the punishments to which they relate.

But this is too easy. The answer to any suggestion that **the statu-tory character of a specific penalty provision** give it primary over ad-ministrative sentencing Guidelines is that the **"mandate" to apply the Guidelines is itself statutory. SEE:** 18 U.S.C. 3553(b).

Of course it is true that no penalty would be **"authorized"** without a statute providing specifically for the penal consequences of defined criminal activity.

The question however, is whether Congress intended Courts to **treat the upper limit of such a penalty as "authorized"** even where proper app-lication of a statutorily mandated Guideline in an adult case would bar inposition up to that limit, and an unwarranted upward departure [503 U.S. 298] **from the proper Guideline range would be reversable error**."

SEE: 18 U.S.C. 3553(b).

Here it suffices to say that the government construction is by no means plain. The text is as least equally consistent with treating **"authorized"** to refer to the result of applying all statutes with a required bearing on sentencing decision, including not only those that limit the ligitamacy of its exercise of that power. This, *** is indeed, is arguably the more natural construction. Id. **R.L.C.**, 503 U.S. 291, 117 L.Ed. 2d 559 (1992); **MISTRETTA v. UNITED STATES**, 102 L.Ed 2d 714 (1989).

In the instant case at Bar, Petitioner's statutory mandated Guidelines were 151-188 months, thus, sentenced **52 months above Petitioner's statutory mandated guidelines range, is misplaced, SEE:** 18 U.S.C. 3742; 18 U.S.C. 3583(b)(1); **SEE ALSO:** 21 U.S.C. 851.

**18 U.S.C. 3553(b):** states the Court **shall** impose a sentence of the kind and within the **range**, referred to in subsection (a)(4) in this case **(a)(4)(A)** which states: the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines issued by the Sentencing Commission puruant to section 994(a)(1) of Title 28, United States Code, and that are in effect on the date of defendant is sentenced.

**18 U.S.C. 3742:** Review of a sentence

(A) Appeal by a defendant *** a defendant may file notice of appeal in the district Court for review of an otherwise final sentence if the sentence ___

(1) was imposed in violation of the law;

(2) was imposed as a result of an incorrect application of the Sentencing Guidelines; or

(18)

(3) is greater than the sentence specified in the applicable Guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the Guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b) or (b)(1) than the maximum established in the Guideline range: or

(4) was imposed for an offense for which there is no sentencing Guideline and is plainly unreasonable.

**18 U.S.C. 3583,** (b) authorized terms of supervised release.

(1) For a class A or B felony, not more than five years

**21 U.S.C. 851.** Proceeding to establish prior conviction

(1) No person who stands  convicted of an offense under this part **shall** be sentenced to increased punishment by reason of one or more prior convictions, **"unless"** before trial, or before entry of a plea of guilty".

The United States Attorney files an information with the Court (and serves a copy of such information on the person or Counsel for the person) stating in writing the previous conviction to be relied upon.

Upon a showing by the United States Attorney that facts regarding prior convictions  could not with due diligence be obtained prior to trial or before entry of a pleas of guilty, the Court may postpone the trial or the taking of the pleas of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of

sentence.

(2) an information may not be filed under this section if the increased punishment which may be  imposed is punishment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

Therefore, Petitioner's sentence was (89) months above Petitioner's minimum Guideline range in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment.

In **R.L.C.**, supra Respondent received on remand to the District Court (18) months.

Predicated on the Plain-meaning analysis **does not** then **provide** the **Government** with a **favorable answer**. The most that can be said from examining the text in its present form is that the **Government** may claim its **preferred construction** to be one possible resolution of **statutory ambiguity**.

In quintessence, would it not be somewhat ingenuous to beleive that 18 U.S.C. 3553(b) and the mandatory minimum sentences are not serving two differenct punishments for the same offense.

Congress mandated the mandatory maximum minimum sentences; Congress also mandated the Guidelines promulgated pursuant to Congressional delegation under the SRA which are also subject to the Sixth Amendment in the same fashion as any statute or other legislative rule.

Thus, while the mandatory maximum-minimum sentences and 3553(b) sentences include and telltale as being ambiguous, this ambiguity was/would have resolved by an amendment that, **absent promulation of**

(20)

the guidelines, might have left the question of the "authorized"
maximum term of imprisonment to be determined only by reference to
the penalty provided by  statute creating the offense. SEE: UNITED
STATES V. R.L.C., 117 L.Ed. 2d 559. [503 U.S. 304]

The legislative history does not prove, however, that Congress
intended 'authorized' to refer solely to the statute defining the
offense "dispite" the enactment of a statute requiring application
of the Sentencing Guidelines, a provision that will generally provide
a ceiling more favorable to the defendent than that contained in the
offense-defining statute.

This is an expression of purpose that today can be achieved only
by reading "authorized" to refer to the maximum period of imprison-
ment that may be imposed consistently with 18 u.S.C. 3553(b)[18 U.S.
C.A. 3553(b)]

That statute provides that "[t]he Court shall impose a sentence
*** within the range" established for the category of offense as set
forth in the Guidelines", unless the Court finds that there exists
an aggravating or mitigating circumstance of a kind, or to a degree,
not adequately taken into consideration by the Sentencing Commission
in formulating the Guidelines that should result in a sentence diff-
erent from that described.  SEE: 3553(b).

A statute is a statute, regardless, *** "whatever its label."
The United States Supreme Court would choose the construction yield-
ing the shorter sentence by resting on the venerable rule of lenity.
SEE: UNITED STATES v. BASS, 404 U.S. 336, 337-338, 30 L.Ed. 2d 488
(1971), rooted in "the instinctive distaste against men languishing

(21)

in prison unless the lawmaker has clearly said they should," at 348,
30 L.Ed. 2d 488 (quoting **H. FRIENDLY,** benchmarks 209 (1967)).

While the rule has been applied not only to resolve issues about
the substantive scope of criminal statutes, but to answer questions
about the severity of sentencing, **SEE: BIFULCO v. UNITED STATES,** 447
U.S. 381, 65 L.Ed. 2d 205 (1980), its application is necessary in
this case, "the Supreme Court have always reserved lenity for these
satuations in which a reasonable doubt persists about a statute's
intended scope even after resort to '**the language and structure,
legislative history, and motivating policies of the statute.**

The rule of lenity states that **a court cannot interpret a Federal
statute** "so as to increase the penalty that it places on an individual
when such an interpretation can be based on no more than a guess as
to what Congress intended." **SEE: LANDER v. UNITED STATES,** 3 L.Ed. 2d
199 (1958).

The principle of construction applies to sentencing provisions
as well as to substantive criminal statutes. **SEE: BIFULCO v. UNITED
STATES,** 477 U.S. 381, 387, 65 L.Ed. 2d 205 (1980)

This Honorable Court cannot side step its Constitutional oblig-
ation to look into the unlawfully enhanced sentence of Petitioner.
Under no circumstances did the Government strictly comply with the
notice provision of 21 U.S.C. 851 or that required by case law on this
matter before this Honorable Court. **SEE: HARRIS v. UNITED STATES,** 149
F. 3d 1304 (11th Cir. 1998).

Therefore, the rule of lenity favors the statutory construction
that yields the shorter sentence and it was error for the Court to

(22)

sentence Petitioner under harsher penalty provisions of a schedule I controlled substance where the 21 U.S.C. 851, there is no doubt that the Court in Petitioner's case lacked jurisdiction to enhance his sentence. For the foregoing reasons, Petitioner has valid constitutional objections that could only be raised in a 2241 Petition.

Petitioner has valid arguments including both sentencing and the 851 enhancement. The question isn't only one of relief but access. In this case, Petitioner is an 79 year old American male with health in a bad State, trying to eradicate his unconstitutional remedies, whereas if God let it be, Petitioner will die at home and not in prison.

As stated above, it is the United States Supreme Court's responsibility to say what a statute means, as Petitioner has quoted the Supreme Court's spoken words. It is now the duty of other Courts to respect their understanding of the governing rule of law. A Judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.

## CONCLUSION

For the reasons and documented facts listed above, Petitioner states that these violations of the constitution and laws of the United States, left the Court without proper authority to impose an unconstitutional sentence, that was illegally obtained in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendments.

Wherefore, premises be considered that Petitioner be granted this Petition for Writ of Habeas Corpus and an evidentiary hearing

on the merits consistent with the foregoing and other determined by this Honorable Court.

Whereby, a fundamental miscarriage of justice will result, if this Court does not grant this evidentiary hearing to serve the ends of justice, and preserving the integrity of the Constitution, and the reputation of this Honorable Court as well as assuring that the public receive a fair and impartial justice system under the Constitutional statute, and its Amendments to with.

Respectfully Submitted

Dated: November 4, 2004

Robert Stepeney
Reg No: 01163-054
F.M.C. Devens Prison
P.O. Box 879
Ayer, MA 01432

(24)