UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT STEPENEY            )
          Petitioner      )
                          )
          v.         )          C.A. NO. 04-12399-NG
                          )
DAVID L. WINN,       )
          Respondent      )

GOVERNMENT'S OPPOSITION TO PETITION FILED PURSUANT
TO 28 UNITED STATES CODE SECTION 2241

INTRODUCTION

The petitioner, Robert Stepeney, has filed a Petition for
Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241(c)(3), claiming
that the District Court in the Southern District of New York
violated his constitutional rights by imposing a twenty-year term
of imprisonment under the United States Sentencing Guidelines.
Because the petitioner's claim is a direct attack on his
underlying sentence and therefore cognizable only under 28 U.S.C.
§2255, and because the sentencing court has already entertained
and denied a §2255 petition brought by Mr. Stepeney, this Court
should summarily deny the instant petition.[1]

STATEMENT OF THE CASE

---

[1]As further noted below, Mr. Mr. Stepeney's petitions for an
order authorizing a successive 28 U.S.C. § 2255 motion were
denied by the United States Court of Appeals for the Second
Circuit.

1

On June 4, 1991, following a jury trial in the United States District Court for the Southern District of New York, Mr. Stepeney was convicted of one count of attempting to possess a controlled substance – namely, two kilograms of heroin – with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A).  See United States v. Robert Stepeney, 90 Cr. 574 (MJL).  On November 21, 1991, the District Court sentenced Mr. Stepeney to a twenty-year term of imprisonment and a ten-year term of supervised release.  Id. On June 11, 1992, the Court of Appeals for the Second Circuit affirmed his conviction.  See United States v. Stepeney, No. 91-1720, slip op. at 2 (2d Cir. Nov. 11, 1992).

On December 2, 1993, Mr. Stepeney filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. §2255, or, in the alternative, to grant him a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  See Robert Stepeney v. United States, Opinion and Order, S.D.N.Y. Civil No. 94 Civ. 2026 (MJL), Criminal No. 90 Cr. 0574 (MJL) (Dec. 10, 1994).  In his Petition, Mr. Stepeney alleged his counsel was constitutionally ineffective for a number of reasons.  Id.  On December 10, 1994, District Court Judge Mary Johnson Lowe denied the defendant's motion.  Id. A copy of Judge Lowe's Opinion and Order is attached hereto as Exhibit 1.

On March 24, 1997, Mr. Stepeney filed a second § 2255

petition.  (DE 03/24/1997).[2]  On May 30, 1997, the motion was
transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631.
(DE 05/30/97).  On August 8, 2000, a mandate issued from the
Second Circuit Court of Appeals denying Mr. Stepeney's
application for an order authorizing consideration of a second or
successive motion brought under 28 U.S.C. § 2255.  (DE 08/08/00).
The Appeals Court reasoned that Mr. Stepeney's motion was not
based upon either newly discovered evidence or a new rule of
constitutional law made retroactive to cases on collateral review
by the Supreme Court.  Id.  It appears the Appeals Court then
vacated and stayed the mandate pending decisions in two similar
cases.  (DE 09/20/00).  On October 5, 2000, Mr. Stepeney filed
another § 2255 motion.  (DE 10/05/00).  On June 10, 2003, the
Second Circuit Court of Appeals denied Mr. Stepeney's application
for an order authorizing a successive § 2255 petition.  (DE
06/10/03).  The Appeals Court concluded, and reaffirmed on August
5, 2003, that Mr. Stepeney's application, "does not meet the
criteria set forth in 28 U.S.C. Section 2255, paragraph eight.
See Forbes v. United States, 262 F.3d 143, 146 (2d Cir. 2001)
(per curiam) (Apprendi rule is not a new rule of constitutional
law that has been made retroactive by the Supreme Court for the

---

[2]Entries in the Defendant's dockets are cited as (DE [date
of entry] or [number of entry]).  A copy of the several sets of
docket entries in the Defendant's case is attached as Exhibit 2.
Citations to the Defendant's memorandum in support of his § 2241
motion are (DBR [page]).

purposes of the Anti-Terrorism and Effective Death Penalty Act.
Even if the motion is considered under the law in effect before
the enactment of the Anti-Terrorism and Effective Death Penalty
Act, it does not present grounds that would allow the district
court to grant relief.  See Coleman v. United States, F.3d 2003
WL 21019559 (2d Cir. May 7, 2003) (Apprendi does not apply
retroactively to first 28 U.S.C. Section 2255 motions)."  (DE
08/05/03).

On March 21, 2005, while his motion for authorization to
bring a second or successive § 2255 motion was pending in the
Appeals Court, Mr. Stepeney filed a Petition for a Writ of Error
Coram Nobis.  That same date, District Court judge Michael B.
Mukasey entered an order and judgment of dismissal of Mr.
Stepeney's petition.  (DE 03/21/05).  Judge Mukasey ordered, "the
petition is dismissed.  As petitioner has not made a substantial
showing of the denial of a constitutional right, a certificate of
appealability will not issue.  28 USC 2253.  I certify pursuant
to 28 USC 1915(a)(3) that any appeal from the Court's Order would
not be taken in good faith."

Having fared poorly in the Southern District of New York,
and having been transferred by the Federal Bureau of Prisons to
Massachusetts, Mr. Stepeney filed a self-represented Petition for
Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241(c)(3) in the
United States District Court for the District of Massachusetts.

4

The motion was dated November 9, 2004.  On January 12, 2005, the
matter was reassigned from Judge Robert E. Keeton to Judge Nancy
Gertner.  On February 22, 2005, Judge Gertner issued an order
directing the government to file a response within 60 days of
receiving the order.  On February 25, 2005, the U.S. Attorney's
Office in Boston received Judge Gertner's Order along with a copy
of the Petitioner's claim, thus making the government's response
due on or about April 27, 2005.  On April 12, 2005, the
government filed a Motion for Extension of Time to file a
response to Petitioner Robert Mr. Stepeney's self-prepared
petition under 28 U.S.C. § 2241 to June 22, 2005.  On April 15,
2005, Judge Gertner granted that motion.

**ARGUMENT**

<u>**THIS COURT LACKS JURISDICTION TO CONSIDER THE PETITION**</u>
     In his memorandum in support of his 28 U.S.C. § 2241
petition, Mr. Stepeney claims that "he is **<u>actually innocent</u>** of
the repeated offender sentencing provision applied to him at the
time of his sentencing in the U.S. District Court for the
Southern District of New York."  (DBR 6)(emphasis original).  In
support of that contention, Mr. Stepeney appears to claim
ineffective assistance of counsel with respect to legal advice he
received prior to pleading guilty in 1979 in the Southern
District of New York to narcotics violations, which served as the
basis for a sentencing enhancement under 21 U.S.C. § 851 in the
present petition.  The Defendant states that he "could not have

5

presented the claim he presently presents to any other Court at any other time for Petitioner's direct appeal and collateral attack under section 2255." (DBR 8). This assertion is simply incorrect. See Knight v. United States, 37 F.3d 769 (1994) (discussing availability of direct appeal and collateral relief for alleged constitutional and jurisdictional or nonconstitutional and nonjurisdictional sentencing errors).[3]

Mr. Stepeney also claims that the District Court in the Southern District of New York violated his constitutional rights by incorrectly applying the Sentencing Guidelines to arrive at his sentence (or that the court lacked jurisdiction to impose a twenty-year sentence under the Guidelines).

Because this claim is a direct attack on the validity of Mr. Stepeney's underlying sentence, it is cognizable only under 28 U.S.C. § 2255 and therefore must be brought in the sentencing court. Moreover, because the District Court in Southern District of New York has already considered and rejected Mr. Stepeney's prior petition for a writ of habeas corpus under §2255, and

---

[3]In an unpublished decision and order, Robert Stepeney v. United States, 583 F.2d 1022 (1989), the Second Circuit Court of Appeals affirmed the denial of the Defendant's § 2255 petition, which set forth challenges to his guilty plea in 1979 to an indictment charging Mr. Stepeney with engaging in a continuing criminal enterprise. A copy of the government's response brief in that appeal is attached for the Court's edification as Exhibit 3. The defendant offered no challenge to his sentence, based upon ineffective assistance of counsel or other grounds, in that § 2255 petition or appeal.

because the Second Circuit Court of Appeals has previously denied
Mr. Stepeney's application for a certificate of appealability,
this Court lacks jurisdiction to entertain what amounts to a
second §2255 motion.  <u>See</u> 28 U.S.C. §2255(4).

A petition for a writ of habeas corpus under 28 U.S.C. §
2241 is appropriate "where petitioner challenges the effect of
events 'subsequent' to his sentence." <u>Gomori v. Arnold</u>, 533 F.2d
871, 874 (3d Cir. 1976).  Section 2241 claims are thus distinct
from those available under section 2255 (which involve the
validity of a sentence or the conviction pursuant to which it was
imposed).  The First Circuit has recognized these differences,
<u>compare</u> <u>United States v. Barrett</u>, 178 F.3d 34, 50 n.10 (1st Cir.
1999) ("Federal prisoners are permitted to use § 2241 to attack
the execution, rather than the validity, of their sentences. . .
.") <u>with</u> <u>United States v. DiRusso</u>, 535 F.2d 673, 674-76 (1st Cir.
1976) (28 U.S.C. § 2255 grants jurisdiction over post-conviction
claims attacking the "imposition or illegality of the sentence"),
and has held that 2241 petitions that in fact state 2255 claims
must be dismissed. <u>Barrett</u>, 178 F.3d at 38 (a prisoner cannot
"evade the restrictions of Section 2255 by resort to the habeas
statute, 28 U.S.C. S 2241").  <u>Accord</u>, <u>Capaldi v. Pontesso</u>, 135
F.3d 1122, 1123 (6th Cir. 1998) (dismissing 2241 petition that
stated claim under section 2255); <u>Broussard v. Lippman</u>, 643 F.2d
1131, 1134 (5th Cir. 1981) ("[a]ttacks on the underlying validity

of a conviction must be brought under 28 U.S.C. S 2255, not 28 U.S.C. S 2241(c)); <u>Ojo v. INS</u>, 106 F.3d 680, 681 (5th Cir. 1997)(errors that occurred before sentencing must be addressed in a section 2255 petition filed in the sentencing court); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166(10th Cir. 1996) ("habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under section 2255).

Application of these principles here demonstrates that Mr. Stepeney's petition states only a claim under section 2255 that can be heard only by the sentencing court.  Nothing in the Petition relates to the execution of the Mr. Stepeney's sentence as opposed to the constitutionality of the procedures pursuant to which Mr. Stepeney was convicted and sentenced.  Nothing relates to decisions made by the Bureau of Prisons regarding the length or nature of his incarceration pursuant to his 1991 judgment of conviction.  Because the claim only attacks the constitutionality of the proceedings that produced that judgment and sentence in the first place, the Petition fails to state a cognizable claim under section 2241.  <u>See generally</u>  <u>U.S. v. White</u> , 53 F. Supp. 2d 976, 978 (W.D. Tenn 1999)("habeas 'execution' of sentence claims deal with BOP decisions regarding the calculation of sentence credits, the ministerial calculation of the dates of release or completion of the sentence, and other issues unrelated to the validity of the conviction or sentence itself....").

8

Moreover, "[n]o circuit or district court shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such a detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. §2244(a). Though ostensibly captioned a §2241 petition, Mr. Stepeney's motion is in reality a second or subsequent §2255 petition requiring submission to the appropriate Court of Appeals. See 28 U.S.C. §2255(4) (successive section 2255 motions must be certified by appropriate Appeals Court as containing newly discovered evidence or new rule of constitutional law made retroactive to petitioner's case). That being the case here, jurisdiction is lacking for this Court to entertain the Defendant's petition.[4]

---

[4]The gatekeeping provisions of Section 2255 require that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, **made retroactive to cases on collateral review by the Supreme Court,** that was previously unavailable." 28 U.S.C. § 2255 ¶ 8(2) (emphasis added). The Defendant makes fleeting reference to Blakely v. Washington, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 120 S. Ct. 2391 (2000),(DBR 15), which, of course, have been followed by United States v. Booker, 125 S. Ct. 738 (2005). To the extent that the Defendant's references rise to the level of argument, and to the extent that this argument may be interpreted to mean the Blakely / Apprendi (and later Booker) line of cases should be applied retroactively, this argument should be rejected. Several Circuit Courts of Appeal have already ruled that Booker is not retroactively applicable to cases (like Mr. Stepeney's) that became final before that decision was announced. See McReynolds

**CONCLUSION**

Based on the foregoing, the government respectfully requests

---

v. United States, 397 F.3d 479, 2005 WL 237642 (7th Cir. Feb.2, 2005); Green v. United States, 397 F.3d 101, 2005 WL 237204, at *1 (2d Cir. Feb.2, 2005) (per curiam); In re Anderson, 396 F.3d 1336, 2005 WL 123923, at *3-4 (11th Cir. Jan.21, 2005). Moreover, in Tyler v. Cain, 533 U.S. 656 (2001), the Supreme Court held that a virtually identical gatekeeping provision governing collateral attacks by state prisoners, 28 U.S.C. § 2244(b)(2)(A), means that the Supreme Court *itself* must have issued a decision making the new rule retroactive to cases on collateral review before a court of appeals may authorize the filing of a successive collateral attack. Because the Supreme Court has not ruled that Booker may be applied retroactively to cases on collateral review, Stepeny should not be able to raise a Booker-type claim in a second or successive Section 2255 motion.

The First Circuit Court of Appeals said as much in an unpublished order denying a petitioner leave to file a successive motion based on Booker. On February 9, 2005, in In re Frank Porter, Appeal No. 05-1138, the Court ruled:

> We deny leave to file a habeas petition based on Blakely or Booker because, under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255, para. 8(2). Even assuming, without deciding, that Blakely and Booker announce "a new rule of constitutional law . . . that was not previously available," id., to date, the Supreme Court has not declared its rulings in either Blakely or Booker to be retroactive to cases on collateral review. Therefore, Porter may not rely on those decisions as a ground for filing a second or successive petition to vacate his federal sentence. See Cuevas v. Derosa, 386 F.3d 367, 367-68 (1st Cir. 2004) (denying leave to file second or successive habeas petition based on Booker); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) (explaining that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive") (citation omitted).

that the Defendant's section 2241 Petition be summarily dismissed because this Court lacks jurisdiction to entertain the petition.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/William F. Bloomer
WILLIAM F. BLOOMER
Assistant U.S. Attorney
One Courthouse Square
Boston, MA 02210
(617) 748-3644

Dated: 21 June 2005

### CERTIFICATE OF SERVICE

Boston, Massachusetts
21 June 2005

    I, William F. Bloomer, Assistant U.S. Attorney, do hereby certify that I have served the copy of the foregoing, to Robert Stepeney, Federal Bureau of Prisons, Fort Devens/P-2, P.O. Box 879, Ayer, MA 01432, by placing a copy of this motion in the U.S. Postal mail system, first class, prepaid.

 /s/William F. Bloomer
WILLIAM F. BLOOMER
Assistant U.S. Attorney

11

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ROBERT STEPENEY

                    Petitioner                    OPINION AND ORDER

        -against-

                                        94 Civ. 2026 (MJL)
                                        90 Cr.  0574 (MJL)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------x

MARY JOHNSON LOWE, D.J.

        Before this Court is Robert Stepeney's motion, dated
December 2, 1993, to vacate his sentence pursuant to 28 U.S.C. §
2255 or, alternatively, to grant him a new trial pursuant to Rule
33 of the Federal Rules of Criminal Procedure.  For the reasons
stated below, Mr. Stepeney's motion is denied.

                            BACKGROUND

        On June 4, 1991, Mr. Stepeney was convicted on one count
of attempting to possess with the intent to distribute
approximately two kilograms of a substance containing heroin, in
violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).  Mr.
Stepeney was sentenced to twenty years imprisonment and ten years
of supervised release.

        Mr. Stepeney appealed his conviction on the ground that
the evidence presented at trial was insufficient.  Specifically,
Mr. Stepeney argued that he and the informant never reached an
agreement regarding the terms of a purchase.  Mr. Stepeney
contended that any acts he took to obtain heroin were merely
preparatory to the commission of the offense.

Mr. Stepeney's counsel did not include certain pages of trial transcript in the joint appendix to the appeal. The missing portions of text consist of a colloquy between the Court and the parties regarding a Rule 29 motion brought by Stepeney, see Tr. at 261-341, and the jury charge, see id. at 407-31. None of the missing pages contains transcribed text of the prosecution's direct case.

The Second Circuit affirmed Mr. Stepeney's conviction on June 11, 1992. The appeals court noted that Mr. Stepeney had "received two samples that were tested by potential customers and ultimately purchased heroin from another source . . . [and] [m]ore than six meetings and six telephone calls comprised the sustained negotiations between him and the informant." United States v. Stepeney, No. 91-1720, slip op. at 2 (2d Cir. Nov. 11, 1992). The appeals court held that "these circumstances amount to a substantial step towards, rather than preparation for, the commission of a crime." Id.

### DISCUSSION

In his present motion Mr. Stepeney contends that he received ineffective assistance of counsel on appeal. Mr. Stepeney bases this claim on two grounds. First, Mr. Stepeney asserts that his counsel's failure to include in the joint appendix certain portions of the trial transcript amounts to ineffectiveness. Mr. Stepeney argues that the appeals court could not have adequately "conduct[ed] its review" without the missing pages. Mot. to Vacate at 8. Second, Mr. Stepeney alleges, albeit unartfully, that his

counsel failed to raise a claim of "factual impossibility" on appeal, a claim allegedly supported by the omitted pages of transcript.[1]   This Court finds that none of Mr. Stepeney's allegations supports a claim of ineffective assistance of counsel.

I.   Standards for Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).   While "the Strickland test was formulated in the context of evaluating a claim of ineffective trial counsel, the same test is used with respect to appellate counsel." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (citation omitted).   A defendant must make both showings before "it ca[n] be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

Under the first prong of the Strickland test, the reviewing court must determine whether the attorney's performance was reasonable "under prevailing professional norms." Id. at 688. To make this determination the reviewing court must defer to the strong presumption that counsel "rendered adequate assistance and

---

[1]   The Court disagrees with the government's claim that Mr. Stepeney "does not contend that his counsel failed to raise a meritorious claim on appeal." United States Opp. at 2.   The Court construes Mr. Stepeney's petition liberally and will review the unartfully pleaded claim. Cf. Cuadra v. Sullivan, 837 F.2d 56, 58-59 (2d Cir. 1988) (reversing district court's sua sponte dismissal of habeas petition because, "where the petitioners are pro se, the district court 'should review habeas petitions with a lenient eye'") (citation omitted).

made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. The reviewing court must also "bear[] in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689 (citation omitted)). Ultimately, prong one is satisfied if, "in light of all the circumstances, the identified acts or omissions [of the attorney] were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690 (emphasis added).

To satisfy prong two of the Strickland test, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

A.    Omission of Transcript Pages

Mr. Stepeney's allegation that his attorney's omission of pages from the record on appeal constitutes ineffective assistance of counsel does not satisfy prong one of the Strickland test. The Court finds that the missing pages were not necessary to conduct an adequate review of Mr. Stepeney's appeal. The jury charge is clearly unrelated to the sufficiency of evidence presented at trial and, thus, to Mr. Stepeney's appeal as well. Furthermore, while the missing colloquy discusses in some length the evidence

4

presented at trial, the joint appendix, nevertheless, includes the _entire_ direct case of the prosecution.  The pages in the colloquy, while arguably _relevant_ to the sufficiency question argued on appeal, were not _necessary_ to evaluate the appeal in light of the inclusion of the prosecution's entire direct case in the joint appendix.  Therefore, counsel's decision to omit these pages from the joint appendix was a "reasonable" exercise of professional judgment.

The attorney's omission of the transcript pages also fails under part two of the _Strickland_ analysis, which requires proof that the purportedly deficient conduct prejudiced the defense.  Because the missing portions of the transcript were either irrelevant to, or otherwise unnecessary for, an evaluation of Mr. Stepeney's appeal, there is no reasonable probability that the decision of the appeals court would have differed had that court been presented with those missing pages.  Therefore, Mr. Stepeney has failed to present evidence sufficient to "undermine confidence" in the disposition of his appeal.  Accordingly, Mr. Stepeney's allegations regarding the missing portions of trial transcript also fail under part two of the _Strickland_ test and, therefore, do not support a claim of ineffective assistance of counsel.

B.   Defense of Factual Impossibility

Embedded within Mr. Stepeney's allegation that his counsel failed to submit needed portions of the trial transcript on appeal, appears to be the added, though unartfully pleaded,

assertion that his counsel failed to advance an additional claim on appeal. Specifically, Mr. Stepeney alleges that "[i]t was critical in [his] case to know if [he] ever had contact with heroin . . . and if [he] received a genuine sample." Mot. to Vacate at 1. Mr. Stepeney further maintains that the missing pages address "this important issue." Id. Mr. Stepeney is apparently contending that if the sample did not actually contain heroine, his conviction should not stand because an attempt to possess heroin was "factually impossible."[2]   The content and genuineness of the sample, however, are irrelevant to Mr. Stepeney's conviction. Under the law in this Circuit, factual impossibility is not a defense to a charge of attempt to possess heroine with the intent to distribute. Roman, 356 F. Supp. at 438. See also United States v. Wilson, 565 F. Supp. 1416, 1425-26 (S.D.N.Y. 1983) ("The law in this Circuit . . . is that the factual impossibility of the commission of a crime is not a defense").  Therefore, counsel's failure to raise the defense of factual impossibility cannot be considered either unreasonable or prejudicial to Mr. Stepeney's defense.  Thus, this second basis for ineffectiveness fails under both prongs of the Strickland test.  Because Mr. Stepeney has failed to demonstrate unreasonable and prejudicial conduct by his attorney, his motion to vacate his sentence on the basis of

---

[2]   "Factual impossibility" arises when the objective of conduct is "proscribed by the criminal law but a circumstance unknown to the actor prevents him from bringing it about." United States v. Heng Awkak Roman, 356 F. Supp. 434, 438 (S.D.N.Y.), aff'd, 484 F.2d 1271 (2d Cir. 1973), cert. denied, 415 U.S. 976 (1974).

ineffective assistance of counsel is denied.

II.  Motion for a New Trial

As an alternative to a motion to vacate his sentence, Mr. Stepeney requests that the Court treat his current motion as a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  Mr. Stepeney's request for a new trial is not based on the discovery of new evidence; rather it evolves from his failed claim of ineffective assistance of counsel.  Mot. to Vacate at 3.  In either event, the Court denies this request as untimely. See Fed. R. Civ. Pro. 33 (setting forth two-year limitations period to bring Rule 33 motion based on newly discovered evidence and seven-day limitations period in all other situations).

III. Appeal Incorrectly Decided

Finally, the Court rejects the argument first made in Mr. Stepeney's reply letter that the court of appeals incorrectly affirmed his conviction.  The reply letter raises the same issue presented on direct appeal -- that Mr. Stepeney had not taken a substantial step toward the commission of a crime -- and cites additional case law.  This final argument is of no effect because issues raised and considered on direct appeal may not be relitigated in a § 2255 motion absent circumstances not present here.  United States v. Jones, 918 F.2d 9, 10-11 (2d Cir. 1990).

CONCLUSION

For all the foregoing reasons, Mr. Stepeney's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, or, alternatively, to grant him a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, is hereby denied.

It is SO ORDERED.

Dated:    New York, New York

December /ι', 1994

_____
United States District Judge

8

CLOSED

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:90-cr-00574-MJL-ALL

Case title: USA v. Stepeney                    Date Filed: 09/06/1990

Assigned to: Judge Mary Johnson Lowe

### Defendant

**Robert Stepeney** (1)                represented by  **Corinne G. Rosen**
*TERMINATED: 12/02/1991*                            National Legal Foundation, P.A.
                                                    6006 Grwwnbelt Road
                                                    suite 350
                                                    New York, NY 20770
                                                    *LEAD ATTORNEY*
                                                    *Designation: Retained*

                                                    **Robert Stephany**
                                                    01163-054
                                                    PCI in Fairton
                                                    P.O. Box 420
                                                    Fairton, NJ 08320
                                                    *LEAD ATTORNEY*

**Pending Counts**                              **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                           **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                  **Disposition**

None

### Plaintiff

**United States Of America**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/09/1992 | | Filed TRUE COPY OF MANDATE AND ORDER...to the U.S.C.A for the 2nd cir...from the judgment of conviction of 11.21.91., the judgment of the District Court is affirmed...CLERK, U.S.C.A 2nd cir..(copy to Judge) (gb) (Entered: 07/15/1992) |
| 02/10/1993 | 1 | Filed letter dated 8/18/92 to Judge Leval from Darryl Stepeney... In re; the fine imposed against the property at 75 Chadwick R. Teaneck NJ. (kr) (Entered: 02/10/1993) |
| 03/23/1994 | 2 | MOTION by Robert Stepeney to vacate under 28 U.S.C. 2255 , (gb) (Entered: 03/28/1994) |
| 08/15/1994 | 3 | ORDER as to Robert Stepeney, reset answer due for 40 days..the clerk of the court is directed to serve a copy of this order upon the U.S. Attorney for the S.D.N.Y., and shall also mail a copy of this order to the petitioner...a copy of this order and petition was previously fowarded to the U.S. Attorney by the pro-se office...mailed by cert. mail #P146572389 and P146572388rrr.. Signed by Judge Mary J. Lowe ); Copies mailed. (gb) (Entered: 08/16/1994) |
| 08/17/1994 | | Rec'd white slips from the post office cert. #P146572388 and 389.. (gb) (Entered: 08/18/1994) |
| 08/19/1994 | | Rec'd green ret. card from signature illegible on 8.19.94., and by T.T. on 8.19.94.. (gb) (Entered: 08/24/1994) |
| 01/04/1995 | | MEMORANDUM OPINION # 74152 as to Robert Stepeney denying [2-1] motion to vacate under 28 U.S.C. 2255 as to Robert Stepeney (1). So Ordered: ( Signed by Judge Mary J. Lowe ). (original filed in 94 civ. 2026 (MJL) doc#5. case closed purs. to this order). (ys) (Entered: 01/05/1995) |
| 02/24/1997 | 4 | MOTION by Robert Stepeney for Corinne G. Rosen to appear pro hac vice , Return date 2/14/97.... Affidavit of Jack R. Fischer (ys) Modified on 02/24/1997 (Entered: 02/24/1997) |
| 03/24/1997 | 5 | ORDER as to Robert Stepeney...Before the Court is the motion of Robert Stepeney, pursuant to 28 U.S.C. 2255, to vacate, set aside or correct his sentence. The Gov't is hereby ordered to respond to Petitioner's motion within thirty days of the days of entry of Rules Governing 28 U.S.C. 2255 proceedings 4(b). So Ordered: ( Signed by Judge Mary J. Lowe ); Copies mailed. (ys) (Entered: 03/28/1997) |
| 03/31/1997 | | Mail cert. # P146571683 to Mary Jo White, U.S. District Attorney, S.D.N.Y., U.S. District Attorney Office, One St. Andrews Plaza, New York, N.Y. 10007.... as to Robert Stepeney (ys) Modified on 03/31/1997 (Entered: 03/31/1997) |
| 04/24/1997 | 6 | Filed Memo-Endorsement on letter by AUSA Thomas A. Arena, dtd |

| | | |
|---|---|---|
| | | 4/17/97 to Judge Lowe re: to request an adj. from April 20, 1997, until May 20, 1997.... as to Robert Stepeney. The Court hereby grants the requested extension. So Ordered: ( Signed by Judge Mary J. Lowe ); Copies mailed. (ys) (Entered: 04/25/1997) |
| 05/30/1997 | | ORDER as to Robert Stepeney....Accordingly, in the interest of justice, the Court transfers Stepeney's petition, pursuant to 28 U.S.C. 1631, to the Court of Appeals. It is So Ordered: ( Signed by Judge Mary J. Lowe ); Copies mailed. (original dkt and file in to 97 civ. 1523(MJL) (ys) Modified on 07/30/1997 (Entered: 06/02/1997) |
| 06/09/1997 | 8 | REPLY by Robert Stepeney to response to Government's Opposition. (ys) (Entered: 06/09/1997) |
| 08/01/1997 | 9 | File notice that the record on appeal as to Robert Stepeney has been certified and transmitted to USCA on 8/1/97 (as) (Entered: 08/01/1997) |
| 10/27/1997 | | by Robert Stepeney, Indexed record on appeal files (97-3603) returned from the U.S.C.A. on October 27, 1997. (dt) (Entered: 10/27/1997) |
| 08/08/2000 | 10 | MANDATE OF USCA (certified copy) as to Robert Stepeney Re: USCA Number 00-3547; Petitioner, pro se, has applied for an order authorizing consideration of a second or successive motion brought under 28 U.S.C. Section 2255. Because the motion is not based on either newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, the application is denied. See 28 U.S.C. Section 2255(b). [Issued As Mandate: 8/1/00] (bw) (Entered: 08/09/2000) |
| 09/14/2000 | 11 | MANDATE OF USCA (certified copy) as to Robert Stepeney Re: denying defendant's application for leave to file a successive motion under 28usc2255. (mr) (Entered: 09/14/2000) |
| 09/20/2000 | 12 | True Copy of Order from USCA as to Robert Stepeney Re: USCA No. 00-3701; It is hereby Ordered that the order entered on September 12, 2000 in this case is hereby VACATED. [Certified: 9/18/00] (bw) (Entered: 09/22/2000) |
| 09/20/2000 | 13 | True Copy of Order from USCA as to Robert Stepeney Re: USCA No. 00-3701; Petitioner, pro se, has applied for an order authorizing consideration of a second or successive motion brought under 28 U.S.C. Section 2255. Because decisions on similar applications filed in Musa v. United States, No. 00-3585, Graham v. New York, No. 00-3586, and Forbes v. United States, No. 00-3588, are required for a reasoned decision in the present matter, the parties are hereby notified that the 30-day time limit for a decision on the present application, see 28 U.S.C. Section 2244(b)(3)(D), has not yet commenced. See 128 F.3d 33, 37 (2d Cir. 1997) (holding that the 30-day time period for a decision on a successive application does not start running until "all the papers required for a reasoned decision ... have been filed with the Court of Appeals"). Accordingly, proceedings in this matter are stayed until further order of this Court. [Certified: 9/18/00] (bw) (Entered: 09/25/2000) |
| | | |

| 09/28/2000 | 14 | LETTER filed by Robert Stepeney From Robert Stepney, Dated 9/28/00, Addressed to: Judge Lowe Re: Request for the record of appeal, per Federal Rules of Appellate Procedure, Rule 10(a), (b), (c), and D. (mb) (Entered: 09/29/2000) |
| 10/05/2000 | | MOTION by Robert Stepeney to vacate under 28 U.S.C. 2255 (refer to 00Civ.7527). Return date not specified. (bw) (Entered: 10/16/2000) |
| 03/13/2002 | 15 | Change of Address by Robert Stepeney. Please note my change of address which is effective as of 1/31/02. I have notified the other parties to my action. Name:Robert Stepney ID#:01163-05 Address:FMC Devens, Box 879, Ayer, MA. 01432 (ac) (Entered: 03/26/2002) |
| 06/10/2003 | 16 | True Copy of Order from USCA as to Robert Stepeney. USCA No. 00-3701. Petitioner moves, pro se, for an order authorizing the U.S.D.C. for the S.D.N.Y. to consider a successive 28 U.S.C. Section 2255 motion, based on an alleged new rule of constitutional law in Apprendi v. New Jersey, 530 U.S. 466 (2000). Upon due consideration, it is ORDERED that the motion is denied, because it does not meet the criteria set forth in 28 U.S.C. Section 2255, paragraph eight. See Forbes v. U.S., 262 F.3d 143, 146 (2d Cir. 2001) (per curiam) (Apprendi is not a new rule of constitutional law that has been made retroactively by the Supreme Court for purposes of the Anti-Terrorism and Effective Death Penalty Act). Even if the motion is considered under the law in effect before the enactment of the Anti-Terrorism and Effective Death Penalty Act, it does not present grounds that would allow the district court to grant relief. See Coleman v. U.S. F.3d 2003 WL 21019559 (2d Cir. May 7, 2003) (Apprendi does not apply retroactively to first 28 U.S.C. Section 2255 motions). [ Certified: 6/5/03 ] (bw) Modified on 06/12/2003 (Entered: 06/12/2003) |
| 08/05/2003 | 17 | MANDATE OF USCA (certified copy) as to Robert Stepeney. USCA No. 00-3701; Petitioner moves, pro se, for an order authorizing the U.S.D.C. for the S.D.N.Y. to consider a successive 28 U.S.C. Section 2255 motion, based on an alleged new rule of constitutional law in Apprendi v. New Jersey, 530 U.S. 466 (2000). Upon due consideration, it is ORDERED that the motion is denied, because it does not meet the criteria set forth in 28 U.S.C. Section 2255, paragraph eight. See Forbes v. United States, 262 F.3d 143, 146 (2d Cir. 2001) (per curiam) (Apprendi is not a new rule of constitutional law that has been made retroactive by the Supreme Court for purposes of the Anti-Terrorism and Effective Death Penalty Act). Even if the motion is considered under the law in effect before the enactment of the Anti-Terrorism and Effective Death Penalty Act, it does not present grounds that would allow the district court to grant relief. See Coleman v. United States. F.3d 2003 WL 21019559 (2d Cir. May 7, 2003) (Apprendi does not apply retroactively to first 28 U.S.C. Section 2255 motions). [ Issued As Mandate: 7/31/03 ] (bw) (Entered: 08/06/2003) |

## U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:78-cr-00786-PNL-ALL

Case title: USA v. Stepeney, et al                    Date Filed: 11/14/1978

---

Assigned to: Judge Pierre N. Leval

### Defendant

**Robert Stepeney (1)**
*TERMINATED: 02/14/1980*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Judge Pierre N. Leval

### Defendant

**Herman Allen (2)**
*TERMINATED: 07/03/1979*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Pierre N. Leval

**Defendant**

**Isaac Fredia** (3)
*TERMINATED: 07/03/1979*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Pierre N. Leval

**Defendant**

**Glen Baker** (4)
*TERMINATED: 07/03/1989*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

**Terminated Counts**                     **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                            **Disposition**

None

---

Assigned to: Judge Pierre N. Leval

**Defendant**

**Kim Yeun** (5)
*TERMINATED: 07/03/1979*

**Pending Counts**                        **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                     **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                            **Disposition**

None

---

**Plaintiff**

**United States Of America**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/10/1993 |   | Filed letter by Robert Stepeney dated 8/18/92...in re; regarding the fine imposed against the property at 75 Chadwick Rd. Teaneck, NJ. (kr) (Entered: 02/25/1993) |
| 02/19/1993 |   | Order as to Robert Stepeney Goverrnment is directed to respond to the |

| | | attached letter within 30 days of this order...So Ordered, Leval,J. cm (kr) (Entered: 02/25/1993) |
|---|---|---|
| 03/18/1993 | | Memo endorsed on letter dated 3/15/93 to Judge Leval from AUSA Douglas R. Jensen. as to Robert Stepeney in re; requesting an additional 30 days to respond to the letter..Granted,J....So ordered, Leval,J. (kr) (Entered: 03/18/1993) |
| 05/14/1993 | | Memo endorsed on letter dated 3/19/93 to judge Leval as to Robert Stepeney from Kathleen A. Zebroweki.. in re; requests that the court direct the Clerk of the Court. to docket both Mr. Stepeney's letter and this response.. Upon application of Darryl Shapeny. filed 2/10/93 and this response the government dated 3.19.93 the applications denied... So ordered, Leval,J. cmc (kr) (Entered: 05/19/1993) |
| 04/14/2005 | 1 | MOTION filed by Robert Stepeney for Reconsideration of the Order denying relief pursuant to 28 U.S.C. Section 1651. Dated 4/7/05. [*** refer to 05-cv-3052(MBM) ***] (bw, ) (Entered: 04/19/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/15/2005 16:51:18 | | |
| **PACER Login:** ux1819 | **Client Code:** | |
| **Description:** | Docket Report **Search Criteria:** | 1:78-cr-00786-PNL |
| **Billable Pages:** 2 | **Cost:** | 0.16 |

CLOSED

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:94-cv-02026-MJL

Stepeney v. U.S.A.
Assigned to: Judge Mary Johnson Lowe
Demand: $0
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 03/23/1994
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate
Sentence
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**Robert Stepeney**

represented by **Robert Stepeney**
PRO SE

**Barry M. Fallick**
Rochman Platzer Fallick & Rosmarin
666 Third Avenue
New York, NY 10017
(212)697-4090
*LEAD ATTORNEY*

**Robert Stepeney**
#01163-054
#1163-054
FCI in Fairton
P.O. Box 420
Fairton, NJ 08320-5996
*LEAD ATTORNEY*

V.

**Respondent**

**United States of America**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/1994 | 1 | NOTICE OF MOTION by Robert Stepeney to vacate under 28 U.S.C. 2255 ; No further entries. See criminal docket # 90Cr.574(MJL) (jl) (Entered: 03/25/1994) |
| 03/23/1994 | | It is suggested that the case be classified as Unknown. Magistrate Judge Lee is so Designated. (jl) (Entered: 03/25/1994) |
| 10/31/1994 | 2 | Filed Memo_Endorsement on letter dated 10/12/94, extending time to 11/14/94 fopr plntf to respond to the government's letter in opposition to |

|  |  | the petition ( signed by Judge Mary J. Lowe ) (cd) (Entered: 11/01/1994) |
|---|---|---|
| 12/02/1994 | 3 | Letter filed by U.S.A. dated 9/7/94 re in opposition to deft's petition (cd) (Entered: 12/02/1994) |
| 12/02/1994 | 4 | Letter filed by Robert Stepeney dated 11/14/94 re in support of his petition (cd) (Entered: 12/02/1994) |
| 01/04/1995 | 5 | MEMORANDUM OPINION #74152 denying [1-1] motion to vacate under 28 U.S.C. 2255 ( Signed by Judge Mary J. Lowe ); Copies mailed. (emil) (Entered: 01/05/1995) |
| 01/04/1995 |  | Case closed (emil) (Entered: 01/05/1995) |
| 03/25/2002 | 6 | PRO SE MEMORANDUM dated 3/13/02 re: CHANGE OF ADDRESS for Robert Stepeney . New Address: F.M.C. Devens, Box 879, Ayer, MA 01432. (yv) (Entered: 03/25/2002) |
| 06/10/2003 |  | True Copy of Order from the USCA as to Robert Stepeney RE: Petitioner moves, pro se, for an order authorizing the USDC, SDNY to consider a successive 28USC 2255 motion. ORDERED that the motion is DENIED, AS STATED. CERTIFIED 6/5/03, 00-3701. MACKECHNIE, CLERK, USCA ORIGINAL DOCUMENT # 16 FILED IN 90CR-574. (pr) (Entered: 06/16/2003) |
| 08/05/2003 |  | MANDATE OF USCA (certified copy) Re: Petitioner moves, pro se, for an order authorizing the USDC, SDNY to consider a successive 28USC 2255 motion as indicated. ORDERED that the motion is denied as indicated. ISSUED AS MANDATE 7/31/03, 00-3701. MACKECHNIE, CLERK, USCA. ORIGINAL DOCUMENT # 17 FILED IN 90CR-574. (pr) (Entered: 08/12/2003) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/15/2005 16:53:49 | | |
| **PACER Login:** ux1819 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** 1:94-cv-02026-MJL |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

CLOSED

## U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:00-cv-07527-MBM

Stepeney v. U.S.A.
Assigned to: Chief Judge Michael B. Mukasey
Demand: $0
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 10/05/2000
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Robert Stepeney**

represented by **Robert Stepeney**
PRO SE

**Robert Stepeney**
Snyder County Prison
600 Old Colony Road
(00-00395)
Selingsgrove, PA 17870
*LEAD ATTORNEY*

V.

**Respondent**
**United States of America**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2000 | 1 | NOTICE OF MOTION by Robert Stepeney to vacate under 28 U.S.C. 2255 . No further entries. See criminal docket # 90cr574 (MJL). (bm) (Entered: 10/13/2000) |
| 10/05/2000 | | Magistrate Judge Douglas F. Eaton is so Designated. (bm) (Entered: 10/13/2000) |
| 10/05/2000 | 2 | NOTICE of Change of Address by Robert Stepeney . (bm) (Entered: 10/13/2000) |
| 10/05/2000 | 3 | ORDER, transferring case to the Court of Appeals for the Second Circuit. This Order closes this docket number. If the Circuit authorizes petitioner to proceed in this Court, petitioner shall move to reopen under this docket number . ( signed by Chief Judge Michael B. Mukasey ); Copies mailed. (bm) (Entered: 10/13/2000) |
| 10/05/2000 | | Case closed. (bm) (Entered: 10/13/2000) |

CLOSED

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:05-cv-03052-MBM

Stepeney v. United States of America
Assigned to: Chief Judge Michael B. Mukasey
Cause: 28:1651 Petition for Writ of Coram Nobis

Date Filed: 03/21/2005
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**Robert Stepeney**

represented by **Robert Stepeney**
#01163-054
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432
PRO SE

V.

**Respondent**

**United States of America**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/21/2005 | 1 | PETITION OF A WRIT OF ERROR CORAM NOBIS. Document filed by Robert Stepeney.(fk, ) (Entered: 03/29/2005) |
| 03/21/2005 | 2 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Robert Stepeney.(fk, ) (Entered: 03/29/2005) |
| 03/21/2005 | 3 | Petitioner's Supplemental Petition for a Writ of Error Coram Nobis in Support re: [1] Petition (Other). Document filed by Robert Stepeney. (fk, ) (Entered: 03/29/2005) |
| 03/21/2005 | 4 | ORDER OF DISMISSAL... Accordingly, petitioner's application for a writ of error coram nobis is dismissed. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue...So Ordered. (Signed by Judge Michael B. Mukasey on 3/21/05) (fk, ) (Entered: 03/29/2005) |
| 03/21/2005 | 5 | JUDGMENT...It is Ordered, Adjudged and Decreed: That the petition is hereby dismissed. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 USC 2253. I certify pursuant to 28 USC 1915(a)(3) that any appeal |

| | | |
|---|---|---|
| | | from the Court's Order would not be taken in good faith. (Signed by Judge Michael B. Mukasey on 3/21/05) (fk, ) (Entered: 03/29/2005) |
| 03/21/2005 | | Magistrate Judge Ronald l. Ellis is so designated. (laq, ) (Entered: 03/31/2005) |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">06/15/2005 16:59:11</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>ux1819</td><td><strong>Client Code:</strong></td><td></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>1:05-cv-03052-MBM</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>1</td><td><strong>Cost:</strong></td><td>0.08</td></tr>
</table>

CLOSED

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:97-cv-01523-MJL

Stepeney v. USA
Assigned to: Judge Mary Johnson Lowe
Demand: $0
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 03/06/1997
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Robert Stepeney**

represented by **Corinne G. Rosen**
6006 Greenbelt Road
Suite 350
Greenbelt, MD 20770
*LEAD ATTORNEY*

V.

**Respondent**

**United States of America**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/1997 | 1 | NOTICE OF MOTION by Robert Stepeney to vacate under 28 U.S.C. 2255 ; No further entries. See criminal docket # 90 Cr. 574. (sac) (Entered: 03/07/1997) |
| 03/06/1997 | | Magistrate Judge Katz is so Designated. (sac) (Entered: 03/07/1997) |
| 05/30/1997 | 2 | ORDER, the Court transfers the petition, purs to 28 U.S.C. 1631, to the Court of Appeals. ( signed by Judge Mary J. Lowe ); Copies mailed (lam) (Entered: 07/30/1997) |
| 05/30/1997 | | Case closed (lam) (Entered: 07/30/1997) |
| 08/01/1997 | | Notice that the record on appeal has been certified and transmitted to the U.S. Court of Appeals: (as) (Entered: 08/01/1997) |
| 10/27/1997 | | Indexed record on appeal files (97-3603) returned from the U.S.C.A. on October 27, 1997. (dt) (Entered: 10/27/1997) |

## PACER Service Center

# 89-2068

*To Be Argued By*
SAMUEL W. SEYMOUR

---

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

### Docket No. 89-2068

ROBERT STEPENEY,

*Petitioner-Appellant,*

—v.—

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

## BRIEF FOR THE UNITED STATES OF AMERICA

---

BENITO ROMANO,
*United States Attorney for the
Southern District of New York,
Attorney for the United States
of America.*

SAMUEL W. SEYMOUR,
JOAN MCPHEE,
*Assistant United States Attorneys,
Of Counsel.*

## TABLE OF CONTENTS

PAGE

Preliminary Statement ......................... 1

Procedural History ........................... 2

    A.  Stepeney's Plea of Guilty and the
        Imposition of Sentence .................. 2

    B.  Stepeney's Section 2255 Petition ......... 3

ARGUMENT:

The District Court Properly Denied Stepeney's
Petition Without A Hearing ................ 4

    A.  The District Court Properly Rejected
        Stepeney's Challenge to Count Two of the
        Indictment ........................... 5

        1.  Stepeney Waived His Challenge to Count
            Two by Pleading Guilty to the Charge .. 5

        2.  Count Two of the Indictment Is in Any
            Event Legally Sufficient .............. 6

    B.  The District Court Properly Rejected
        Stepeney's Challenge to Counts Three
        Through Five and Count Seven .......... 7

CONCLUSION ................................. 8

### TABLE OF AUTHORITIES

*Cases:*

*Hayle* v. *United States,* 815 F.2d 879 (2d Cir.
  1987) ................................... 5, 7

*La Magna* v. *United States,* 646 F.2d 775 (2d Cir.),
  *cert. denied,* 454 U.S. 898 (1981) ............ 5

ii

PAGE

*United States* v. *Perry*, 643 F.2d 38 (2d Cir. 1981),
    *cert. denied*, 454 U.S. 835 (1982) ............    7

*United States* v. *Santelises*, 476 F.2d 787 (2d Cir.
    1973) ..................................    7

*United States* v. *Smith*, 407 F.2d 33 (2d Cir.
    1969) ..................................    7

*United States* v. *Sperling*, 506 F.2d 1323 (2d Cir.
    1974), *cert. denied*, 420 U.S. 962 (1975) ......    6

*United States* v. *Torres*, 683 F. Supp. 56 (S.D.N.Y.
    1988) ..................................  6-7

*United States* v. *Weinberg*, 852 F.2d 681 (2d Cir.
    1988) ..................................    5

*Statutes:*

Title 18, United States Code, Section 2 ........... 2, 7

Title 21, United States Code, Section 812 ....... 2, 3, 6

Title 21, United States Code, Section 841
    (a) (1) ............................... 2, 3, 6

Title 21, United States Code, Section 841
    (b) (1) (A) ........................... 2, 3, 6

Title 21, United States Code, Section 846 ......... 1

Title 21, United States Code, Section 848 ....... 2, 3, 6

Title 28, United States Code, Section 2255 ...... 1, 3, 5

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

### Docket No. 89-2068

————

ROBERT STEPENEY,
*Petitioner-Appellant,*

—v.—

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

————

## BRIEF FOR THE UNITED STATES OF AMERICA

---

### Preliminary Statement

Robert Stepeney appeals from an order entered on January 23, 1989, in the United States District Court for the Southern District of New York by the Honorable Pierre N. Leval, United States District Judge, denying his petition pursuant to Title 28, United States Code, Section 2255, to vacate or set aside the fifteen-year sentence imposed on him following his plea of guilty to participation in a continuing criminal enterprise.

Indictment S 78 Cr. 786 (PNL), filed on January 2, 1979, charged Stepeney and his four co-defendants with violations of the federal narcotics laws. Count One charged all five defendants with conspiracy to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Section 846. Count Two charged

2

Stepeney with participating in a continuing criminal enterprise, in violation of Title 21, United States Code, Section 848. Counts Three, Four, Five and Seven charged Stepeney and one or more of his co-defendants with separate counts of distribution of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.*

## Procedural History

### A.  Stepeney's Plea of Guilty and the Imposition of Sentence

On September 24, 1979, Stepeney entered a plea of not guilty to the charges contained in Indictment S 78 Cr. 786 (PNL). On October 25, 1979, Stepeney withdrew his plea of not guilty and pleaded guilty to Count Two of the Indictment. Count Two of the Indictment reads as follows:

> From on or about November 1, 1975, and continuously thereafter up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, ROBERT STEPENEY a/k/a "Robbie" and "Cigar", the defendant, unlawfully, wilfully, intentionally and knowingly, did engage in a continuing criminal enterprise in that he did commit violations of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A), which violations were part of a continuing series of violations of those statutes undertaken by STEPENEY in concert with five or more other persons with respect to whom he occupied the position of organizer, supervisor and

---

* Stepeney was not charged in Count Six of the Indictment.

3

> manager and from which continuing series of
> violations he obtained substantial income and re-
> sources.    (Title 21, United States Code, Section
> 848).

(App., Ex. 4).*

On February 14, 1980, Judge Leval sentenced Stepeney
to a fifteen-year term of imprisonment and imposed a
fine of $50,000. At the time of sentencing, the Court
dismissed, with the consent of the Government, the charges
against Stepeney in Counts One, Three, Four, Five and
Seven.   (App., Ex. 3). Stepeney is currently serving
his sentence.

## B.  Stepeney's Section 2255 Petition

On June 27, 1988, Stepeney filed a petition in the
District Court under Section 2255 to vacate or set aside
his sentence on the grounds that Count Two of the Indict-
ment is duplicitous and Counts Three through Five and
Count Seven each failed to provide him with notice of
an essential element of the charged offense. Stepeney's
theory in the District Court was that Count Two, which
charges a continuing criminal enterprise, is duplicitous
because the Indictment recites violations of 21 U.S.C.
Sections 812 and 841 as the predicate crimes of the
Section 848 continuing criminal enterprise. He argued,
with respect to Counts Three through Five and Count
Seven, that those counts are defective because they do
not contain language explicitly charging him with aiding
and abetting.**

---

\* As used in this brief, "Br." refers to appellant's brief on
this appeal; "App." refers to the appendix to appellant's brief.

\*\* Although in his brief Stepeney purports to challenge the
validity of "Counts Three (3) through Seven (7)" (Br. at 9),
he was not charged in Count Six of the Indictment.

4

On January 23, 1989, the District Court denied Stepeney's petition. Judge Leval held, in a two-page Memorandum and Order, that because Stepeney had entered a plea of guilty to the charge, he had waived his right to challenge the language of Count Two of the Indictment. The District Court noted further that "in any event, [Stepeney's argument] is without merit." The Court also rejected Stepeney's challenge to Counts Three through Five and Count Seven, finding that Stepeney's claim was "moot" in light of the dismissal of those counts at the time of sentencing. (App., Ex. 1).

This appeal followed.

## ARGUMENT

### The District Court Properly Denied Stepeney's Petition Without A Hearing.

Stepeney claims on appeal that the District Court erred in dismissing his petition without holdng an evidentiary hearing. He argues in his pro se brief that the District Court should have set aside or vacated his sentence, first, because his conviction is based upon a duplicitous charge (Br. at 1-6), and, second, because Counts Three through Five and Count Seven of the Indictment failed to provide him with effective notice of the charges against him. (Br. at 7-10). Because Stepeney's petition fails to raise any controverted issue of fact, and because his legal claims are entirely meritless, the District Court acted properly in summarily dismissing the petition.

5

## A. The District Court Properly Rejected Stepeney's Challenge to Count Two of the Indictment

### 1. Stepeney Waived His Challenge to Count Two by Pleading Guilty to the Charge

Under well-settled decisions of this Court, a guilty plea is a waiver by the defendant of all challenges to the conviction, except those challenges relating to the court's jurisdiction to adjudicate the charges. *See United States* v. *Weinberg*, 852 F.2d 681, 684 (2d Cir. 1988). A guilty plea is an admission of all the elements of a formal criminal charge, and is itself a conviction. *See Hayle* v. *United States*, 815 F.2d 879, 881 (2d Cir. 1987); *La-Magna* v. *United States*, 646 F.2d 775 (2d Cir.), *cert. denied*, 454 U.S. 898 (1981). A defendant, after a judgment of conviction has been entered pursuant to his guilty plea, may not raise non-jurisdictional challenges to the prosecution, either on direct appeal or collateral attack under 28 U.S.C. Section 2255. *See Hayle* v. *United States*, *supra*, 815 F.2d at 881. Moreover, to prevail on a challenge to the District Court's jurisdiction, "the defendant who has pleaded guilty must establish that the face of the Indictment discloses that the Count or Counts to which he pleaded guilty failed to charge a federal offense." *Id.*

Stepeney entered a plea of guilty to Count Two of Indictment S 78 Cr. 786 (PNL) on October 25, 1979. Stepeney makes no claim that the guilty plea was not voluntarily and knowingly entered into, nor does he question the Court's jurisdiction to try the case. He does not contend that Count Two fails to charge a federal offense; rather, he argues that the Count is duplicitous. Such a contention does not address the Court's power to entertain the prosecution and, accordingly, may not be considered by the Court where, as here, the conviction followed a plea of guilty. *See United States* v. *Weinberg*, *supra*, 852 F.2d at 684.

6

### 2.  Count Two of the Indictment Is In Any Event Legally Sufficient

Stepeney argues that Count Two, which charges him with a single crime—participation in a continuing criminal enterprise, in violation of 21 U.S.C. § 848—is nevertheless impermissibly duplicitous because it refers to "three (3) different statutes. . . ." (Br. at 5). This puzzling contention rests upon the undeniable fact that Count Two contains references to 21 U.S.C. §§ 812, 841(a)(1) and 841(b)1(A). There is, however, nothing improper about those references. Indeed, because Section 848 defines a continuing criminal enterprise as a continuing series of acts in violation of "any provision of this subchapter," 21 U.S.C. § 848, the Government is required, in charging a violation of § 848, to allege that a specified provision of Title 21 was violated by the defendant. *See United States* v. *Sperling,* 506 F.2d 1323, 1344 (2d Cir. 1974), *cert. denied,* 420 U.S. 962 (1975). That is precisely what the Government did in Count Two of the Indictment against Stepeney.[*]

Virtually the same argument was recently advanced by the defendants in *United States* v. *Torres,* 683 F. Supp. 56 (S.D.N.Y. 1988). Arguing that the indictment's reference to the aggravating conduct set forth in Section 848(b) rendered the charge of participating in a continuing criminal enterprise duplicitous, the defendants sought

---

[*] The statutory provisions cited in Count Two, Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code, together amount to one "violation" since Section 812 is the schedule of Controlled Substances and Section 841(b)(1)(A) merely sets forth the penalties for violations of Section 841(a). Those statutory provisions are contained in Subchapter I of Title 21, and collectively constitute the predicate violation required to be set forth in a charge of participation in a continuing criminal enterprise.

7

to have the indictment dismissed.  Judge Walker denied
the motion, observing that the "argument borders on the
frivolous."  *Id.* at 61.

Because Count Two does not charge a violation of
Section 841, but merely recites it as the requisite predicate
felony violation upon which the continuing criminal enter-
prise charge rests, Stepeney's claim that Count Two is
duplicitous is frivolous.

## B.   The District Court Properly Rejected Stepeney's Challenge to Counts Three Through Five and Count Seven

Stepeney argues further that the Indictment is defec-
tive because it failed to provide him with notice of an
essential element of the offenses charged in Counts Three
through Five and Count Seven. (Br. at 7-10).   Since
those counts were all dismissed by the Court on February
14, 1980, with the consent of the Government, any alleged
defect is plainly harmless now.   Even assuming, however,
that the now-dismissed counts were the basis of Stepeney's
conviction, his argument—that "aiding and abetting" lan-
guage should have been added to several counts—would
fail.   This Court has specifically held that "the provisions
of 18 U.S.C. § 2 can be read into an indictment which
specifically charges only a substantive offense."   *United
States* v. *Perry*, 643 F.2d 38, 45 (2d Cir. 1981), *cert. de-
nied*, 454 U.S. 835 (1982).   Accordingly, Stepeney simply
could not make the requisite showing that the Indictment
was "so defective that it does not, by any reasonable con-
struction, charge an offense for which the defendant is
convicted."   *Hayle* v. *United States, supra*, 815 F.2d at
882 (quoting *United States* v. *Santelises*, 476 F.2d 787,
788 (2d Cir. 1973) ; *United States* v. *Smith*, 407 F.2d 33,
34 (2d Cir. 1969).

8

## CONCLUSION

The order of the District Court denying the petition for a writ of habeas corpus should be affirmed.

Dated:  New York, New York
       June 16, 1989

Respectfully submitted,

BENITO ROMANO,
*United States Attorney for the
Southern District of New York,
Attorney for the United States
of America.*

SAMUEL W. SEYMOUR,
JOAN MCPHEE,
*Assistant United States Attorneys,
Of Counsel.*