**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

| | | |
|---|---|---|
| Robert Stepeney., | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | Case No. **04-12399-NG** |
| | * | |
| David L. Winn, | * | |
| Respondent, | * | |

---

**Petitioner's Traverse To Government's Opposition To**
**28 United States Code §2241**

---

Comes now Robert Stepeney. acting in propria persona in want of counsel to Traverse the Government's motion in opposition for summary denial and would aver as follows:

In Opposition to Petitioner's 28 U.S.C. §2241, the government relies on res Judicata for the 2nd Circuits denial of Petitioner's earlier 28 U.S.C. §2255 and Petitioner's attempts to obtain a Certificate of appealability for a Successive 28 U.S.C. §2255 should bar the court from addressing the merit of his current action under 28 U.S.C. §2241.

Indeed the government's claims on this point are at most frivolous. The Supreme Court "has repeatedly noted, at Common Law, that res Judicata did not attach to a court's denial of habeas relief." Schulp v Delo, 130 L.Ed.2d 808, 829 (1998). (Citations omitted).

(1)

"Instead a renewed application could be made to every other Judge or Court in the realm, and each Court or Judge was bound to consider the question of the prisoner's right to discharge independently, and not to be influenced by the previous decisions refusing discharge." Id. [A] prisoner retains an overriding interest in obtaining his release from custody if he is innocent of the charges for which he was incarcerated." Id 832 (citation omitted).

In "a trio of 1986 decisions handed down the sameday"..."the Court had adopted the Cause and prejudice standard in part because of its confidence that that standard would provide adequate protection to victims of a fundamental miscarriage of justice. Schulp, 831-832 (citation omitted).

"[I]n an extraordinary case where a Constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of showing cause for the procedural default." Id 832 citing Murray v Carrier, 477 U.S. 478, 120 L.Ed.2d 269 (1986).

However the definition of "actual innocence" in the context of a defaulted habeas petition was settled by the Supreme Court in Sawyer v Whitley, 120 L.Ed.2d 269, 285, (1982). In Sawyer, the Supreme Court, adopted the reasoning of the Fifth and Eleventh Circuit pursuant to "actual innocence," holding that the "actual innocence" requirement must focus on the "elements and aggravating factors" and not an additional mitigating evidence. Indeed the Supreme Court defined "actual innocence" as any showing negating, "as to the existence of those facts which are prerequisites under

(2)

state of federal law for imposition of the higher penalty." Id
284. Thus it is now firmly established in Supreme Court
Jurisprudence, that the claim of "actual innocence or factual
innocence" not only applies to the underlying substantive offense,
but also to the "aggravating factors."

To be informed of the "crime charged" necessarily includes
notice of both the Conduct charged and the penalty prescribed.
See L.W. LaFave & A. Scott Jr. Substantive Criminal Law: 2

The meaning of Apprendi has been widely debated. There were
at least two different interpretations, what is called the "impact
analysis" and "statutory analysis." United States v Wilkes, 130
F.Supp.2d 222, 230 (D. Mass. 2001).

The impact analysis: This approach suggests that if the factor
at issue has a substantial impact on the sentence, it must be
considered an "element" of the offense. In fact, Justice Thomas'
concurrence in Apprendi suggest a "pure" impact approach:

> [I]f the legislature defines some core crime and then
> provides for increasing the punishment of that crime upon
> a finding of some aggravating fact-- of whatever sort the
> core crime and the aggravating fact together constitute
> an aggravated crime, Just as much as grand larceny is an
> aggravated form of petit larceny. The aggravated fact is
> an "element" of the aggravated crime. Apprendi, 530 U.S.
> at 501 (Thomas J. Loncurring).

Indeed Congress in writing the drug statutes intended for
these aggravating factors to be Sentencing factors since Apprendi,
Blakely, Booker, the Supreme Court has redefined these statutes
and now these aggravating factors that increase a sentence above
that of the jury's finding must be treated as an element of the

offense and thus incorporated into the "actual innocence" standard.
See Sawyer

Therefore Petitioner's "actual innocence" claim concerning
his enhanced sentence should be addressed on the merits.

Petitioner was charged and convicted of one count of attempting
to possess a controlled substance -- namely two kilograms of heroin
-- with intent to distribute in violation of 21 U.S.C. §812, 841(a)
(1) and 841(b)(1)(A).

Section 841(b)(1)(A) carries a mandatory maximum minimum of
not less than 10 years up to life. At the sentencing phase of
petitioner's trial when the Judge thought herself constrained by
the minimum sentence of 20 years expressed her willingness to depart
downward, but the prosecution stated she was bound by the 20 year
minimum.

The Judge sitting as sentencer was provided erroneous
information by the government on the minimum sentence that could
be imposed. The only way the minimum sentence could be increased
from 10 years to 20 years is if the government attorney before jury
selection or an entry of a guilty plea filed an §851 information
and served petitioner.

The Court expressed its concern by the following statement:

> The Court is not for a moment beguiled or confused
> about the fact that Mr. Stepheney has been an angel.
> His prior conviction speaks loudly for itself and
> he has already been of that and served his time.
> I feel that in the instance, that imposing this
> sentence on this man, who will 66; next month, who
> is suffering from the infirmaties of age, and who
> did not commit a substantive crime -- but who is

(4)

> charged with an attempt where he refused to accept
> the amount of drugs that requires this kind of
> sentence that is or has been imposed upon him, makes
> this court believe that there is something radically
> wrong with the Justice that these laws require,
> particularly in this instance, but my oath is to
> uphold the law as it is written, and that is the
> only reason I am imposing this sentence upon Mr.
> Stepheney.

After reading these words from a concerned Justice, there can be no doubt if the Judge had known that the mandatory minimum was 10 years instead of 20, Stepheney would have received a lesser term of imprisonment.

Also, the terms of 21 U.S.C. 851(b) were also violated in the instant matter.

The harm and prejudice of the Courts failure to abide by §851(b) is that the petitioner would have contested the legality of his prior conviction why by the way is in front of the Honorable Judge Mukasey on a motion of Reconsideration from his March 21, 2005 dismissal of his motion.  Section 851(b) states:

> If the United States attorney files an information under
> this section, the Court "shall" after conviction but
> before pronouncement of sentence inquire of the person
> with respect to whom the information was filed whether
> he affirms or denies that he has been previously
> convicted as alleged in the information, and shall
> inform him that any challenge to a prior conviction
> which is not made before sentence is imposed, may not
> therefore be raised to attack the sentence.

Failure to follow this mandate automatically requires a remand back for notification.  See U.S. v Cevallos, 538 F.2d 1122 and U.S. v. Ruiz-Castro, 92 F.3d 1519.

Indeed federal courts are courts of limited jurisdiction, deriving their power solely from Article III of the Constitution and from the legislative acts of Congress; thus they cannot derive powers to act from the actions of the parties before them and the parties are incapable of conferring upon federal courts a jurisdictional foundation they otherwise lack simply by waiver or Procedural default. See Harris v U.S, 149 F.3d 1304(11th Cir 1998).

A federal court not only has the power but also the obligation at "any time" to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises (citing Philbrook v Glodgett, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975). In short since jurisdictional claims cannot be defaulted, a defendant need not show cause to justify his failure to raise such claim. Kelley v U.S., 29 F.3d 1107 (7th Cir 1994). (See government'a motion in opposition page 6)

Even for the sake of arguendo, without conceding to the governments contention that petitioner's pleading should be dismissed under 28 U.S.C. §2255, petitioner's circumstances are extraordinary as he is now 80 years of age and in very poor health that is not properly being treated while serving an unconstitutional sentence, and review is demanded by justice. The government, and defense counsel at sentencing arguably misinterpreted enhancement statute. It was through the exercise of due diligence while conducting legal research in prison and concluded that the enhancement provision under 21 U.S.C. §851 was illegally applied both in the sense of the prior conviction and the enhancement of the terms of the supervised release from the applicable 5 years under U.S.C. §841(a)(1) to ten years.

(6)

The government opposes the petition on the ground that this custodial court does not have the authority to review challenges to the validity (as opposed to the execution) of petitioner's sentence. It is true that a custodial court's authority under §2241 is typically limited to challenges regarding the execution of a sentence. However, The "savings clause of §2255 allows a prisoner to challenge the validity of his sentence under §2241 when §2255 is "inadequate or ineffective to test the legality of his detention. See United States v Barrett, 178 F.3d 34, 49-50 (1st Cir. 1999). Some circuits permit §2241 challenges to valid-ity under the savings clause whenever they serve the interest of justice. See e.g., Triestman v United States, 124 F.3d 361, 377-378 (2d Cir. 1997) (holding that the savings clause applies in "cases in which the petitioner cannot, for whatever reason utilize §2255, and in which the failure to allow for collateral review would raise serious Constitutional concerns." or else "in those extraordinary circumstances where justice demands it"). Also See Little v United States, 2002 WL 1424581 (D.Mass.)) (unpublished opinion).

For an opinion touching closer to home petitioner relys on the First Circuit precedent of United States v Cortes-Claudio, No. 01-2113 (quoting United States v Burns, 501 U.S. 129, 135 (1990), stating that the ten-year term of supervised release was an upward departure requiring the government to file an infor-mation and the court to give prior notice and to state on the record the aggravating circumstances that warranted such a

departure.

Because the government, defense counsel and the court had failed to notice the failure to file an Information pursuant to 21 U.S.C. §851 indicating intent to seek a higher sentence, the maximum allowable sentence is in error as well as the legally allowable supervised release term was five years.  18 U.S.C. §3583(b)(1).  See United States v Harotunian, 920 F.2d 1040, 1042-43 (1st Cir 1990) (defining a departure as a sentence outside the guideline range).  Thus, when the district court imposed a ten-year supervised release term, it departed upward from the guide-line sentence, requiring advance notice for the departure.  18 U.S.C. §3583(b); §5K2 U.S.S.G.

Until the court announced the sentence, the petitioner was without actual or constructive notice of the likelihood of his culpability for his term of sentence or supervised release that subsequently exceeded the guideline range.  Given the facts here, it simply would be unfair and unwise as a matter of policy or law, to hold that petitioner should not be afforded relief requested herein.

Thus the enhanced minimum sentence of 20 years imposed on petitioner could not be legally imposed because the court was with-out jurisdiction due to government's failure to invoke the pro-secutorial discretion and file proper notice of enhancement. Therefore this Honorable Court should address the merit of Stepheney's "actual innocence" claim on the enhanced sentence. See Embrey v Hershberger, 106 F.3d 805 (1997 Ca. 8 Mo.)

(8)

The writ should be granted to correct a sentence that was imposed in violation of the law or as a direct result of an incorrect application of the federal sentencing guidelines pursuant to 18 U.S.C. §3742. Under the rule of reasonableness it can be argued that given the illegality of the petitioner's enhanced sentence, justice demands further collateral review here.

A majority of courts including courts in this circuit, have emphasized actual innocence as a prerequisite to relief under the savings clause. See Bousley v United States, 533 U.S.___, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (permitting collateral review where the petitioner "is actually innocent," and defining "actual innocence" as "factual innocence," not mere legal insufficient): United States v Franco-Montoya, 2001 U.S. Dist. LEXIS 7744 (D. ME. June 8, 2001). Here, because petitioner's enhancements were not based on a second criminal offense for which he could be guilty or innocent, but rather on the failure to provide the required notice of enhancements through the filing of an "Information" affirming and allowing due process on the mere fact that he had a prior conviction, an inquiry into his actual innocence seems appropriate.

This is reasonably taken in context to include cases in which the petititioner is not actually innocent of the crime for which he was convicted but innocent of some fact used to enhance his sentence. See United States v Maybeck, 23 F.3d 888, 892-894 (4th Cir. 1994) (collecting cases and holding that collateral review based on "actual innocence" is available to prisoners who are

(9)

wrongfully sentenced as habitual offenders and wish to attack only the enhanced portion of their sentence); Mills v Jordan, 979 F.2d 1273, 1278-1279 (7th Cir 1992) (actual innocence "of being a habitual offender" is sufficient to permit collateral review of a sentence enhancement based on habitual offender status).

This district has recognized the same logic as applying to "actual Innocence" under the savings clause. Gonzalez v. United States, 135 F.Supp. 2d 112, 121-122 (D. Mass. 2001) (noting that any distinction between innocence of the crimes used to enhance a sentence is unavailing, because "[I]n both instances, a petitioner is being held in contravention of the laws of the United States. In one scenario, the petitioner is imprisoned for conduct for which he is innocent: in the other senario he is imprisoned longer because of the conduct of which he is innocent. In either event, his liberty is stripped.)

## Conclusion

Wherefore, Petitioner, Robert Stepeney moves this Honorable Court to order an evidentiary hearing for Just cause in that petitioner's allegations state substantial claims for relief and to overcome a manifest injustice that was meted out by the District Court in the instant matter.

Respectfully Submitted,

Robert Stepeney , Pro Se
Reg. No. 21146-038
F.M.C. Devens, Box 879
Ayer, MA 01432

(10)

## CERTIFICATE OF SERVICE

I Robert Stepeney, do hereby affirm and attest that I have mailed a copy of the attached Motion to the Office of the U.S. Attorney for the District of Massachusetts, on this 30th day of June 2005, by placing in the prison mail system through First Class pre-paid mail.  Sworn and signed pursuant to 28 U.S.C. Section 1746.

Robert Stepeney , Pro Se.
Reg No. 21146-038
F.M.C. Devens, Box 879
Ayer, MA 01432