UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ROBERT STEPENEY      )
      Petitioner    )
                    )
        v.          )      C.A. NO. 04-12399-NG
                    )
DAVID L. WINN,      )
      Respondent    )
```

## GOVERNMENT'S RESPONSE TO PETITIONER'S TRAVERSE TO GOVERNMENT'S OPPOSITION 28 UNITED STATES CODE SECTION 2241

### INTRODUCTION

The government submits its response to Robert Stepeney's latest filing, entitled Petitioner's Traverse to Government's Opposition to 28 United States Code §2241.  The United States incorporates by reference the Government's Opposition to Robert Stepeney's Petition Filed Pursuant to 28 United States Code Section 2241, dated June 21, 2005, and files this response as a supplement to its initial opposition.

### ARGUMENT

Section 2255 provides, among other things, that a prisoner's application for a writ of habeas corpus "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 (¶ 5).  The courts have held that,

1

in very rare circumstances involving claims of actual innocence or involving serious constitutional issues that, unless resolved, would lead to fundamental miscarriages of justice, this so-called "savings clause" allows a federal prisoner to proceed under § 2241 rather than § 2255. *See* United States v. Barrett, 178 F.3d 34, 49-54 (1st Cir. 1999); Little v. United States, 2002 WL 1424581 at **2-3 (D. Mass. 2002).

It is clear, however, that the petitioner "bears the burden of proving that the remedy under section 2255 is inadequate," Calvache, 183 F. Supp. 2d at 126, and that:

> A petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA "second or successive" requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture.

Barrett, 178 F.3d at 50. *See also* Gonzalez, 150 F. Supp. 2d at 244; Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, ... or because the petitioner is procedurally barred from pursuing relief under § 2255, ... or because the petitioner has been denied permission to file a second or successive motion to vacate").

In his initial memorandum in support of his 28 U.S.C. § 2241 petition, Mr. Stepeney claimed that "he is **actually innocent** of the repeat offender sentencing provision applied to him at the

time of his sentencing in the U.S. District Court for the Southern District of New York." (DBR 6)(emphasis original). In support of that contention, Mr. Stepeney appeared to claim ineffective assistance of counsel with respect to legal advice he received prior to pleading guilty in 1979 in the Southern District of New York to narcotics violations, which served as the basis for a sentencing enhancement under 21 U.S.C. § 851 in the present petition.

In his subsequent Traverse to Government's Opposition to 28 U.S.C. §2241, Mr. Stepeney seems to have changed his course of argument to mean that his claim of "actual innocence" does not concern a claim of factual innocence to the underlying substantive offense, but that the "actual innocence" standard should be applied to his sentencing enhancement under Apprendi v. New Jersey, 120 S.Ct. 2391 (2000), because the enhancement is, in effect, an element of the crime. (D. Traverse pp. 3-4).[1] For good measure, Mr. Stepeney also claims in his subsequent filing that the government, defense counsel, and the sentencing judge in the Southern District of New York "failed to notice the failure to file an information pursuant to 21 U.S.C. §851 indicating an

---

[1] It is critical to note that Mr. Stepeney's sentencing enhancement involved a prior conviction and not other relevant conduct arguably requiring proof beyond a reasonable doubt to a jury. See United States v. Harris, 536 U.S. 545 (2002) and United States v. Almendarez-Torres, 523 U.S. 224 (1998).

intent to seek a higher sentence . . ." (D. Travers p. 8).[2]

Even assuming Mr. Stepeney had a cognizable Apprendi claim, which the government does not concede, see United States v. Harris, 536 U.S. 545 (2002) and United States v. Almendarez-Torres, 523 U.S. 224 (1998), his petition is not properly before this Court. No matter how artfully the allegations of the petition are framed, or how novel the question of law might seem, it is in reality a claim for relief under 28 U.S.C. § 2255. Because section 2255 requires all such petitions to be filed with the sentencing court, this Court lacks jurisdiction to hear the petition and it should be dismissed.[3]

---

[2] The petitioner's argument actually illustrates the need for this matter to be addressed by the Court of appropriate jurisdiction. Mr. Stepeney indicates in his second memorandum that he has filed a Motion for Reconsideration of the dismissal of his motion, dated March 21, 2005, before the Southern District of New York. (D. Traverse p. 5). However, the docket entries for his case reveal that on March 21, 2005, Mr. Stepeney filed a Petition for a Writ of Error Coram Nobis, which was denied that same date by District Court Judge Michael B. Mukasey. (DE 03/21/05). Judge Mukasey ordered, "the petition is dismissed. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 USC 2253. I certify pursuant to 28 USC 1915(a)(3) that any appeal from the Court's Order would not be taken in good faith."

[3] Because this claim is a direct attack on the validity of Mr. Stepeney's underlying sentence, it is cognizable only under 28 U.S.C. § 2255 and therefore must be brought in the sentencing court. Moreover, because the District Court in Southern District of New York has already considered and rejected Mr. Stepeney's prior petition for a writ of habeas corpus under §2255, and because the Second Circuit Court of Appeals has previously denied Mr. Stepeney's application for a certificate of appealability,

Here, Mr. Stepeney in reality is not asserting a claim of actual innocence nor is he raising a fundamental defect calling into question the reliability of his conviction.  Rather, he is contending that the sentencing court violated Apprendi by finding certain facts [a prior conviction] that led to an increase of his offense level under the Sentencing Guidelines.  But see United States v. Harris, 536 U.S. 545 (2002) and United States v. Almendarez-Torres, 523 U.S. 224 (1998)

This is not the type of claim for which the courts have allowed prisoners to bypass § 2255 in favor of § 2241 and, indeed, a claim brought by another prisoner at FMC Devens that dealt with drug quantity [as opposed to a prior conviction] was rejected in Calvache.  183 F. Supp. 2d at 126-28 (dismissing § 2241 petition based, *inter alia,* on the claim that the sentencing court's drug quantity finding violated Apprendi).

Mr. Stepeney's attempt to seek relief under section 2241 here is obviously calculated to circumvent the fact that his prior section 2255 claims have been heard and denied by the appropriate courts of jurisdiction.

Although Apprendi was not decided until June 26, 2000, the First Circuit has already concluded that it does not apply retroactively on collateral review.  E.g., Sustache-Rivera v.

---

this Court lacks jurisdiction to entertain what amounts to a second §2255 motion.  See 28 U.S.C. §2255(4).

United States, 221 F.3d 8, 15 (1st Cir. 2000) ("[I]t is clear that the Supreme Court has not made the rule [in Apprendi] retroactive to cases on collateral review....).  Thus, no 2255 claim under Apprendi will lie. Rogers v. U.S., 180 F.3d 349 (1st Cir. 1999)(one year grace period applies to 2255 petitions accruing before AEDPA's effective date).  See generally Talbot v. State of Indiana, 2000 WL 1268166, at *1 (7th Cir. Sept. 7, 2000)(Until the Supreme Court declares that Apprendi applies retroactively on collateral attack, "prisoners should hold their horses and stop wasting everyone's time with futile applications.")  For reasons set forth in footnote 4 of the government's initial opposition to Mr. Stepeney's petition, United States v. Booker, 125 S.Ct. 738 (2005) is likewise not retroactively applicable to the case at bar.

Accordingly, the "savings clause" is inapplicable here and Mr. Stepeney has failed to state any claim that can appropriately be brought under § 2241.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Defendant's section 2241 Petition be summarily dismissed.

                                        Respectfully submitted,
                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                  By:   /s/William F. Bloomer

```
                              WILLIAM F. BLOOMER
                              Assistant U.S. Attorney
                              One Courthouse Square
                              Boston, MA 02210
                              (617) 748-3644
```

Dated: 26 July 2005

## CERTIFICATE OF SERVICE

```
                              Boston, Massachusetts
                              26 July 2005
```

    I, William F. Bloomer, Assistant U.S. Attorney, do hereby certify that I have served the copy of the foregoing, to Robert Stepeney, Federal Bureau of Prisons, Fort Devens/P-2, P.O. Box 879, Ayer, MA 01432, by placing a copy of this motion in the U.S. Postal mail system, first class, prepaid.

```
                               /s/William F. Bloomer
                              WILLIAM F. BLOOMER
                              Assistant U.S. Attorney
```