UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Robert Stepeney,
    Petitioner

vs.    C.A. No: 04-12399-NG

David L. Winn,
    Respondent

**PETITIONER'S SECOND TRAVERSE TO GOVERNMENT'S
RESPONSE TO PETITIONER'S TRAVERSE**

Now comes petitioner, Robert Stepeney, acting in propria persona and in want of counsel, and first and foremost moves this honorable Court to strike the Government's response to petitioner's traverse under Rule 12(f) of the Federal Rules of Civil Procedure.

The A.U.S.A. WIlliam Bloomer has violated Federal Rule of Civil Procedure Rule 7 which states "There shall be a complaint and an answer" it does not mean two answers but is stated in the singular answer. Petitioner filed his traverse to the government's first motion in opposition to Mr. Stepheney's § 2241. Once petitioner responded, the only way the government could further reply was to amend by seeking leave of the court. The government is trying to get two bites at the apple in its reply to Stepheney's § 2241 and the latest motion in opposition dated July 26, 2005 on the Certificate of Service. Mr. Stepeney moves this honorable

-1-

Court to strike this response from the record unless the Government first seeks leave from the Court to amend. See 61 Am Jur 2d §380 under heading Amendment of Answer.

Also Mr. Stepeney, objects to this Court construing his motion as a § 2255. Mr. Stepeney's motion is filed under 28 U.S.C. § 2241 and is properly before this court contrary to the assertions of the AUSA.

The Judiciary Act of 1789, Ch 20 § 14, 1 Stat. 81-82 empowered federal courts in the district which a prisoner was confined to issue a Writ of habeas corpus if the prisoner was "in custody, under or by colour of the Authority of the United States." See McClesky v. Zant, 131 L.Ed. 2d 517 (1991). In 1867, the writ was made available to any federal prisoner restrained of his or her liberty in violation of the constitution or any treaty of law of the United States. Act of February 5, 1867 Ch 28 §1, 14 stat. 385. See Kaufman v. United States, 22 L.Ed. 2d 227 (1967).

Today, federal courts continue to retain Jurisdiction to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In 1948, by enacting § 2255, which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently, Congress restricted (but did not eliminate) the right of federal prisoners to proceed under § 2241(c)(3). See United States v. Hayman, 96 L.Ed. 232 (1952) "detailing the history and purpose of § 2255." Section 2255 was not intended to limit the

-2-

collateral rights of federal detainees in any way. It was simply designed to serve as a convenient substitute for the traditional habeas corpus remedy. See Id at 219, 72 S.Ct. at 272.

Indeed it has been the practice of federal courts to construe § 2255 to cover the entire field of remedies in habeas corpus cases such as the instant pleading and that § 2255 had abolished all of the common law writs to obtain habeas relief. The Supreme Court stated that it saw no compelling reason to reach such a conclusion. U.S. v. Morgan, 346 U.S. at 510. Indeed the Court stated: "In behalf of the unfortunates, federal courts should act in doing Justice if the record makes plain a right to relief." Morgan, 346 U.S. 505, note 3,4.

Section 2255 was never intended to supersede Section 2241. Significantly § 2255 as originally enacted and as amended by the A.E.D.P.A. contains an explicit exception to the general rule that a federal prisoner must use § 2255 instead of seeking habeas relief under § 2241.

Petitioner notes that, while the AEDPA also limits second habeas corpus § 2241 petitions brought by a federal prisoner, Mr. Stepheney has to this point filed only § 2255 petitions so thus this is his first habeas petition. Thus petitioner states he objects to any form of Recharacterization of his § 2241 petition. See Reneri v. U.S., 233 F.3d 96 (1st Civ. 2000) (Quoting Adams, 155 F.3d at 584 and Miller, 197 F.3d at 652).

Significantly, as stated in petitioner's traverse on page 3-5 it is petitioner's proposition that when Congress wrote the drug statutes such as 21 U.S.C. § 841, Congress intended aggravating

-3-

factors such as prior conviction, gun possession, drug quantity and type among other things, that a defendant after verdict may be sentenced under these provisions pursuant to a finding of a Judge under preponderance of the evidence standard.

The statute 21 U.S.C. § 841 is not succeptable to a contrary interpretation. See <u>United States v. Nordby</u>, (cite as 2000 WL 1277211 (9th Cir. Cal.). at page 3.

The Supreme Court through judicial edit in the cases of <u>Jones</u>, <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>, have redefined these statutes and stated that these aggravating factors that have a substantial impact on the sentence must <u>now</u> be treated as elements of the offense contrary to Congress' intent thus creating a substantive change in criminal law. See <u>Apprendi</u>, 530 U.S. at 501(Thomas J. Loncurring).

Indeed the court in analyzing the current petition would not only be addressing Constitutional claims but would be analyzing statutes such as 21 U.S.C. § 841 and § 846 the enhancing provisions of 21 U.S.C. 851 of these statutes and petitioner could use § 2241 in that § 2255 would be an inadequate remedy for him.

The government argues, erroneously on page 5 of its second motion in opposition that Mr. Stepeney's claim is only cognizable under § 2255.

It is Mr. Stepeney's proposition that his argument falls squarely on all fours with the first exception of Teague.

Specifically, four elements of Justice Harlans discussion in <u>Mackey</u>, 401 U.S. at 700, 91 S.Ct. at 1184.

Mr. Stepeney's claim is about matters of substance and not

-4-

procedure, as the statute he was convicted of 21 U.S.C. § 841 and the statute he was sentenced under 18 U.S.C. 3553(b) are unconstitutional under Blakely.

Where the new rule invalidates the statute under which the defendant is convicted and sentenced for substantive reasons such as a Sixth Amendment violation, the first exception to Teague, applies.

Justice Harlon in Mackey, 401 U.S. at 692, S.Ct. at 1180, made clear by the cases he cited that the first exception was designed to track the historic purpose of the writ -- which he sought to preserve in the first exception, was to free individuals convicted and punished under unconstitutional statutes. See EX Parte Siebold, 100 U.S. 371, 376-77 25 L.Ed. 717 (1880).

Existing precedent in this circuit states plainly that Congress did not intend these aggravating factors, prior convictions, gun possession, drug type, and quantity among others to be elements of the aggravated crime; Apprendi, 530 U.S. at 501 (Thomas J. Concurring); under 21 U.S.C. § 841 and § 846 stating that a defendant may be sentenced under these provisions, pursuant to a finding made by a judge at sentencing by a preponderance of the evidence.

Congress, therefore clearly intended that these aggravating factors be sentencing factors under 21 U.S.C. § 841 and § 846, these statutes are not succeptable to a contrary interpretation (cite as 2000 WL 1277211 (9th Cir. Cal.) Page 3 United States v. Nordby.

Using the same logic as the Supreme Court used in Booker in

-5-

striking down the mandatory nature of the guidelines pursuant to 18 U.S.C. 3553(b) and stating that it was incompatable with the Sixth Amendment holding first adopted by the Court in Apprendi.

It is Mr. Stepheney's proposition that such statutes as 21 U.S.C. §§ 841, 846 are also unconstitutional on their face under Blakely 124 S.Ct. 2531 (2004).

It is therefore Mr. Stepeney's proposition that Blakely and Booker be applied to his case pursuant to the first exception under the Teague rule, and exempt from AEDPA modifications to 28 U.S.C. §§ 2255 and 2244.

Also Mr. Stepeney states for the record that the government failed to file a timely 21 U.S.C. 851(a) enhancement notice and serve Mr. Stepeney before jury selection in the instant matter.

Notably this is a jurisdictional defect and jurisdictional defects by contrast cannot be procedurally defaulted.

A federal court not only has the power, but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.

In short because jurisdictional claims cannot be defaulted, a defendant need not show cause to justify his failure to raise such a claim. See Harris v. U.S., 149 F.3d 1304 (11th Cir. 1998).

It is Mr. Stepeney's proposition had the Judge understood that she could depart below the 20 year minimum that the prosecution informed that she was bound by Mr. Stepheney would have received a much lesser sentence. See Petitioner's 1st Traverse at page 4 and 5.

The actual minimum sentence was 10 years without a timely

notice of enhancement under 21 U.S.C. §851(a). The Judge sitting as sentencer was provided erroneous information by the government attorney relating to the minimum sentence which he informed the Judge it was 20 years instead of 10 years.

Also Mr. Stepeney was enhanced without jurisdiction under 18 U.S.C. § 3583(b)(1) to a term of 10 years and the government failed to file proper notice that it intended for the court to upward depart from the 5 year maximum under 21 U.S.C. § 841(a)(1) and Mr. Stepheney incorporates his original arguments in his initial traverse on pages 7-9 with this brief.

## CONCLUSION

The legislature has no power as has been repeatedly held, to interfere with vested rights. Whenever the legislature inacts laws that interfere with vested rights i.e. (the Sixth Amendment) the legislature has passed the bounds of its authority and the acts are void. See Freeborn v. Smith, 69 U.S. 160 Wall (1864)

It is also firmly established that if a court renders a judgement, has not jurisdiction to render if either because the proceedings or the law which they are taken are unconstitutional or for any other reason the judgement is void. EX Parte Nielson, 131 U.S. at 182 (1889).

Wherefore Mr. Stepeney moves this Honorable Court to vacate his conviction and sentence and relieve him from any liabilities suffered therefrom in that his conviction and sentence were founded upon unconstitutional laws and are void.

Respectfully submitted,

_____
Robert Stepeney, Pro Se
Reg. No.
F.M.C. Devens, Box 879
Ayer, MA 01432

### CERTIFICATE OF SERVICE

I Robert Stepeney, do hereby affirm and attest that I have sent a copy of the attached petition to the Office of the U.S. Attorney by first class mail to One Courthouse Way, Boston, MA 02210, on this __5th__ day of __August__. Signed pursuant to 28 U.S.C. § 1746.

_____
Robert Stepeney