UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Robert Stepeney
    Petitioner,

vs.      Case No: 04-12399-NG

United States
    Respondent,

## MOTION TO AMEND SECTION 2241 PETITION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 15(a)

Comes now, Robert Stepeney, acting in propria persona and in Want of Counsel, and moves this Honorable Court to allow amendment of his Section 2241 petition presently on file in this Court, by the addition of the proposed amendment included with this motion.

This motion is made pursuant to Federal Rules of Civil Procedure Rule 15(a) and includes and incorporates by reference the factual allegations, the exhibits, and the legal arguments set forth in Petitioner's initial §2241 petition, as well as the authorities and argument set forth in the supporting memorandum attached hereto.

## THIS COURT CAN AND SHOULD ALLOW AMENDMENT OF MR. STEPENEY'S INITIAL §2241 PETITION TO INCLUDE THESE CLAIMS SET FORTH IN THE PROPOSED AMENDMENT

Section 2242 of the Judicial code provides that habeas corpus application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Id 28 U.S.C. 2242. Likewise, Rule 11 of the rules governing §2254 cases provided that "[t]he Federal Rules of Civil Procedures, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."

The advisory Committee note to habeas Rule 5 points out, in turn that "under" [Habeas] Rule 11 the Court is given the discretion to incorporate Federal Rules of Civil Procedures when appropriate. So Civil Rule 15(a) may be used to allow the petitioner to amend his petition... Id "Taken together, these provision standards of Rule 15." J. Liebman and R. Hertz, Federal Habeas Corpus Practice and Procedure, 17.2 (2nd Ed. 199) (Collecting authorities)

Civil Rule 15(a) gives habeas corpus petitioners, like other Civil Complaintants, the right to amend the petition once without leave of the Court "at any time before [the respondent] files a responsive pleading." After the petitioner files one pre-answer amendment of the respondent submits an answer or other responsive pleading Civil Rule 15 permits amendment "by leave of the Court or by written consent of the adverse party." Fed Rules of Civil Proc. 15(a); C.F. Bird v. Collins, 924 F.2d 67, 68 (5th Cir. 1993) (per Curium) Cert. denied 111 S.Ct. 2819 (1991); "[L]eave [to amend] shall be freely given when Justice so requires." Federal Habeas

-2-

Corpus Practice and Procedure Supra, 17.2 (quoting Federal Rules Civil Proc. 15(a) and Collecting authorities.

The advisory committee notes to habeas rules invite amendments in these situations, and Federal Courts long have permitted such amendments that cure formal, procedural, or substantive defects in the petition and state "tenable claims for relief." Federal Habeas Corpus Practice and Proc. Supra, 7.2 (citing inter alia, Romain v. Estelle, 917 F.2d 1505, 1506 (9th Cir. 1990; Parcova v. United States, 784 F.2d 38, 41 (1st Cir. 1986);

Based on the foregoing facts and law, as well as fundamental fairness, Mr. Stepeney respectfully submits that leave to amend is appropriate and should be granted in this petition. See J. Liebman and R. Hertz, Federal Habeas Corpus Practice and Procedure, 3.4a pp. 156-57 and [n.16] (3rd Ed. 1998) (and authorities therein).

### PROPOSED AMENDMENT

On June 4, 1991, Mr. Stepeney was convicted on one count of "attempting" to possess with intent to distribute approximately two Kilograms of a substance containing Heroin, in violation of 21 U.S.C. §812, §841(a)(1), and §841(b)(1)(A).

It is Mr. Stepeney's proposition that "Penal statutes are to be construed strictly (the rule of strict construction of criminal statutes," first articulated in the reign of Edward I in 1342) and are never to be extended by implication. McDonald v Best, 186 F. Supp. 217 (D.C. Ca.. 1960); See also United States v Gerdel, 103 F.Supp. 635 (D.C. Mo. 1952). (reading terms and conditions into statute that are not there).

Mr. Stepeney submits that Title 21 U.S.C. §841(a)(1) does not create an offense of 'attempt' to manufacture, or 'attempt' to distribute, or 'attempt' to dispense, or 'attempt' to possess a controlled substance. The statutory language in Title 21 §841(a)(1) is clear. §841(a) states: (It shall be unlawful for any person knowingly or intentionally or willfully. (1). to manufacture, distribute or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance).

The statutory language is clear; there is no 'attempt' offense to violate the satute, the defendant must have 'actual possession' of an amount of required ingredients to manufacture the charged controlled substance, or have 'actual possession' of an amount of the charged controlled substance to distribute it, or have 'actual possession' of the charged controlled substance to dispense it. Each of the prohibited acts requires 'actual possession' in order to accomplish the prohibited act.

In constraining a statute the Courts are obliged to give effect, if possible, to every word Congress used. <u>United States v. Menasche</u>, 348 U.S. 528, 538, 539, 75 S.Ct. 513, 519-520, 99 L.Ed 615 (1955). after a mere cursory reading of Title 21 U.S.C. §841(a)(1) it becomes obvious to the most casual of observers that the word 'attempt' is not in the language of the statute.

It is Mr. Stepeney's proposition that an 'attempt' offense to violate Title 21 U.S.C. §841(a)(1) does not exist.

Therefore Mr. Stepeney is 'actually innocent' in that he has been charged and convicted for a non-existent offense and has committed no offense against the United States.

The indictment handed down by the grand jury for a non-existent violation of Title 21 U.S.C. §841(a)(1) is a legal nullity. The absence of a proper indictment is a Jurisdictional defect which deprives a Court of its power to act.

A Court can acquire no jurisdiction to try a person for a criminal offense unless he has been charged with the commission of the particular offense and charged in the particular form and made required by law. Albrect v. United States, 273 U.S. 1, 47 S.Ct. 250 (1927).

But it is well and wisely settled that there can be no Judge-made offense against the United States and that every federal prosecution must be sustained by statutory authority. Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716 (1949). There is no statutory authority in Title 21 U.S.C. §841(a)(1) for an 'attempt' to violate the statute.

## CONCLUSION

There Mr. Stepeney should be immediately released from prison in that he is 'actually innocent' and has committed no crime against the United States.

Respectfully submitted,

*Robert Stepeney*

Robert Stepeney, #01163-054
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I Robert Stepeney do hereby affirm and attest that I have mailed a copy of the motion to amend my § 2241 by first class mail. I have placed this document in the prison mail system on November 8, 2005. Signed pursuant to 28 U.S.C. § 1746

*Robert Stepeney*
Robert Stepeney
Reg. No. 01163-054
F.M.C. Devens, Box 879
Ayer, MA 01432