UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT STEPENEY,** ) | |
|     **Petitioner,** ) | |
| ) | |
|     v. ) | Civil Action No. |
| ) | 04-12399-NG |
| **DAVID L. WINN,** ) | |
|     **Respondent.** ) | |

GERTNER, D.J.:

**MEMORANDUM AND ORDER**
**December 2, 2005**

I. **INTRODUCTION**

    Petitioner Robert Stepeney ("Stepeney") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [docket entry #1]. He seeks relief by claiming actual innocence of the recidivism enhancement applied to him at the time of sentencing. Stepeney asserts that the United States District Court for the Southern District of New York violated his constitutional rights by imposing a twenty-year sentence. He has previously and unsuccessfully sought relief three times under 28 U.S.C. § 2255. The Government opposes the petition, arguing that Stepeney's new claim under § 2241 is barred because it is in fact a fourth § 2255 claim.

    Because Stepeney was previously denied relief under § 2255 and was barred from filing second and third successive § 2255 petitions, he cannot now bring his claim under § 2241. His petition is therefore **DENIED**.

**II. BACKGROUND**

Petitioner Stepeney was convicted of attempting to possess a controlled substance (two kilograms of heroin) with intent to distribute on June 4, 1991.  On November 21, 1991, the United States District Court for the Southern District of New York sentenced him to twenty years in prison and ten years of supervised release.  On June 11, 1992, the Court of Appeals for the Second Circuit affirmed the conviction.

On December 2, 1993, Stepeney filed a motion to vacate his sentence under 28 U.S.C. § 2255.  In the alternative he sought a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  Stepeney claimed ineffectiveness of counsel, first, in that evidence presented at trial was insufficient, and second, that his attorney failed to raise a claim and lost certain portions of the trial transcripts. See Stepeney v. United States, No. 02026, 1995 WL 5907 (S.D.N.Y. Mar. 23, 1994).  On December 10, 1994, the District Court denied the motion.

On March 24, 1997, Stepeney filed a second § 2255 petition, which was transferred to the Second Circuit Court of Appeals.  On August 8, 2000, the Court of Appeals denied Stepeney's application for an order authorizing a second or successive petition under § 2255.  On October 5, 2000, Stepeney filed another, third, § 2255 petition.  On June 10, 2003, the Second Circuit Court of Appeals denied that petition as well.

On November 9, 2004, Stepeney, now incarcerated at F.M.C. Devens in Ayer, Massachusetts, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Massachusetts.

### III. ANALYSIS

#### A. Claims Pursuant to 28 U.S.C. §§ 2241 and 2255

Petitioner seeks relief under 28 U.S.C. § 2241. Section 2241 is appropriate "where petitioner challenges the effect of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). Section 2241 claims are thus distinct from those pursuant to 28 U.S.C. § 2255, which call into question the validity of the actual sentence, not just the way in which it is carried out. See United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) (holding that federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences).

Section 2255 provides a remedy for an invalid sentence or problems with the trial itself. The First Circuit has described the kinds of claims embraced by § 2255. See United States v. DiRusso, 535 F.2d 673, 674 (1st Cir. 1976) (stating that § 2255 does not grant jurisdiction over a post-conviction claim, rather the imposition or illegality of the sentence) (citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974); Robinson v.

United States, 474 F.2d 1085, 1091 (10th Cir. 1973); Ridenour v. United States, 446 F.2d 57 (9th Cir. 1971)).

Courts have held that prisoners may not use § 2241 in place of § 2255. See Barrett, 178 F.3d at 38 (explaining that a prisoner cannot "evade restrictions of Section 2255 by resort to the habeas statute, 28 U.S.C. § 2241"); see also Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.").

Stepeney's claim attacks the validity of the sentence itself, not how that sentence was carried out. His petition for relief would therefore have been more appropriately brought under § 2241 than § 2255. Because no relief remains for the petitioner under § 2255, his current petition must be dismissed.

**B.   The "Savings" Clause of § 2255**

The "savings" clause of § 2255 provides an alternative remedy in some circumstances, permitting § 2241 petitions that challenge the validity of a sentence -- normally the province of § 2255 -- when § 2255 is "inadequate or ineffective." See Barrett, 178 F.3d at 49-50.[1]

---

[1] 28 U.S.C. 2255:
>   An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by

-4-

While courts have used the "savings" clause to allow claims of actual innocence or those involving serious constitutional issues to proceed under § 2241 rather than § 2255 in rare circumstances, the present petition falls short.

Petitioner bears the burden of proving that the remedy under § 2255 is inadequate and ineffective. Calvache v. Benov, 183 F.Supp. 2d 124, 126 (D. Mass. 2001). In the present case, Stepeney has not borne this burden. Stepeney's initial § 2255 petition was heard fully by the District Court for the Southern District of New York, and the Second Circuit considered his second and third successive petitions.

Moreover, in Barrett, the First Circuit specifically rejected the argument that a § 2241 petition was appropriate when the petitioner was procedurally barred from proceeding under § 2255:

> A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA (Anti-Terrorism and Effective Death Penalty Act of 1996) 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture.

178 F.3d at 50; see also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been

---

motion is *inadequate or ineffective* to test the legality of his detention (emphasis added).

denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate."). As in <u>Barrett</u> and <u>Chandler</u>, Stepeney cannot now bring a § 2241 petition simply because no relief remains under § 2255.

**IV. <u>CONCLUSION</u>**

Because Stepeney's § 2241 petition is more accurately characterized as a § 2255 petition, because he has exhausted his remedies under § 2255, and because he is not rescued by § 2255's "savings" clause, his petition pursuant to § 2241 is hereby **DENIED.**


**SO ORDERED.**

**Dated: December 2, 2005**               <u>s/ NANCY GERTNER, U.S.D.J.</u>